NOT DESIGNATED FOR PUBLICATION

No. 115,073

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL JAMES PERRY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; KEVIN P. MORIARTY, judge. Opinion on remand filed
August 16, 2019. Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek
Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., STANDRIDGE and SCHROEDER, JJ.

PER CURIAM: On remand from our Supreme Court, we are tasked with
reevaluating Michael James Perry's K.S.A. 60-1507 motion filed on July 9, 2015, in light
of *White v. State*, 308 Kan. 491, 421 P.3d 718 (2018). Our Supreme Court in *White* found
the 2016 amendments to K.S.A. 60-1507(f) were not retroactive and do not apply to 1507
motions filed before July 1, 2016. 308 Kan. 491, Syl. ¶ 1. In our previous decision we
found the 2016 amendments to K.S.A. 60-1507 applied retroactively. *Perry v. State*, No.
115,073, 2017 WL 462659 (Kan. App.) (unpublished opinion).

With the remand we have been instructed to apply the common-law test as laid out in *Vontress v. State*, 299 Kan. 607, 325 P.3d 1114 (2014), to Perry's 1507 motion and not the narrower statutory test we initially applied. After applying the entire *Vontress* test, we find no error by the district court when it denied Perry's 1507 motion after conducting a preliminary hearing. Under the totality of the circumstances, Perry has failed to provide persuasive reasons why he waited more than 1 year—about 13 years—before filing this 1507 motion, the merits of Perry's underlying claim present no substantial issues of law or fact, and Perry does not present a colorable claim of actual innocence. We affirm the district court.

FACTS

In 2002, Perry pled no contest to two counts of rape. Initially, the State charged Perry with eight crimes—three counts of rape, aggravated indecent liberties, and four counts of sexual exploitation of a child, alleging he had child pornography (photographs) in his possession. At his plea hearing, the district court advised Perry he faced a sentencing range of 147 months to 653 months or 12.25 to 54.41 years. Perry admitted he understood this sentencing range and agreed to the plea.

Before sentencing, Perry moved to withdraw his plea. At sentencing, the district court denied Perry's motion to withdraw his plea and sentenced him to 294 months' imprisonment. Although he was represented by the Kansas Appellate Defender Office (ADO), Perry filed a pro se direct appeal. The ADO sent Perry a letter advising him "a durable power of attorney cannot make decisions for a person charged, or on appeal, in a criminal case" and advising the ADO would withdraw if Perry wanted to proceed pro se. Perry proceeded pro se, and a panel of this court affirmed the district court in *State v. Perry*, No. 90,026, 2003 WL 22227452 (Kan. App. 2003) (unpublished opinion) (*Perry I*).

2

In 2006, Perry filed his first pro se motion pursuant to K.S.A. 60-1507; it was summarily denied by the district court. A panel of this court affirmed the district court in *Perry v. State*, No. 96,652, 2007 WL 1309810 (Kan. App. 2007) (unpublished opinion) (*Perry II*). In 2009, he filed his first pro se motion to correct an illegal sentence, which the district court denied and a panel of this court affirmed in *State v. Perry*, No. 103,269, 2010 WL 3732082 (Kan. App. 2010) (unpublished opinion) (*Perry III*).

In 2012, Perry filed his second motion to correct an illegal sentence and requested the appointment of counsel. Perry's request for court appointed counsel was granted. The district court denied Perry's motion to correct an illegal sentence. Perry appealed and moved for appointed appellate counsel. In 2013, this court affirmed the district court's denial of Perry's second motion to correct an illegal sentence as moot in an order in case No. 108,727 (*Perry IV*).

On July 9, 2015, now represented by counsel, Perry filed this 1507 motion—his second—alleging ineffective assistance of counsel because his trial counsel incorrectly informed him of his potential sentence if he went to trial. He also filed a motion for evidentiary hearing, arguing exceptional circumstances and manifest injustice required consideration of the merits of his 1507 motion. Perry now claims his mother, acting as power of attorney, drafted pleadings and briefs on his behalf. He alleges his mother's actions prevented him from obtaining qualified counsel to pursue postconviction relief.

The State moved to dismiss, contending Perry's 1507 motion was untimely and successive. The district court heard argument on the State's motion to dismiss on August 25, 2015. Perry's counsel argued his mother acted as his attorney from 2006 to 2015, and she got sidetracked on nonwinning claims in "gibberish" petitions. The district court pointed out Perry could have filed each of his prior motions pro se and chose to sign them despite his mother drafting them. Perry's counsel indicated Perry would testify he signed what his mother told him to sign due to his mental health issues. Perry's counsel argued

trial counsel incorrectly informed Perry of the consequences of his plea and the length of his sentence if convicted at trial. Perry's counsel argued Perry was told he could face up to 57 years in prison, but he faced no more than 55 years. Finally, counsel indicated Perry would testify he was innocent because he manufactured pictures as part of research for a book.

The district court sustained the State's motion to dismiss because there was no manifest injustice, Perry's 1507 motion was filed outside the 1-year limit—now 12 years late—under K.S.A. 60-1507(f), and it was successive. The district court found that even if Perry's trial counsel incorrectly advised Perry he faced 57 years in prison, not 55, the difference of 2 years was insignificant. Finally, the district court found Perry's claim of actual innocence was not substantive.

Perry timely appealed and claimed the matter should be remanded for an evidentiary hearing on his motion. On remand from our Supreme Court we again address Perry's claims for relief based on the instructions contained in *White*, 308 Kan. at 500-503.

ANALYSIS

*The 2016 amendments to K.S.A. 60-1507 do not apply retroactively to Perry's 1507 motion.*

The longstanding rule in Kansas is a district court has three options when handling a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no

4

substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Our standard of review depends upon which of these options a district court utilizes. 300 Kan. at 881. When, as here, the district court denies a 1507 motion based only on the motions, files, and records after a preliminary hearing, the appellate court is in just as good a position as the district court to consider the merits. Therefore, our standard of review is de novo. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

K.S.A. 2016 Supp. 60-1507(f)(1) states:

"Any action under this section must be brought within one year of:

(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or

(B) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition."

Our statute instructs the time limit may only be extended to prevent a manifest injustice. K.S.A. 2016 Supp. 60-1507(f)(2). Effective July 1, 2016, the Kansas Legislature amended K.S.A. 60-1507, adding subsection (f)(2)(A), which states:

"For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence."

5

We previously found this amendment applied retroactively to Perry, but the Kansas Supreme Court abrogated our decision. *White*, 308 Kan. at 500-03. The *White* court found subsection (f)(2)(A) of K.S.A. 60-1507 does not apply retroactively. 308 Kan. at 503. Perry filed his motion in 2015, so in accordance with *White*, subsection (f)(2)(A) of K.S.A. 60-1507 does not apply to Perry's appeal.

*Perry has not shown manifest injustice.*

It has long been the law in Kansas that the one-year time limit to bring a 1507 motion may only be extended to prevent manifest injustice. K.S.A. 60-1507(f)(2). For motions filed before July 1, 2016, courts review whether manifest justice exists based on the test announced in *Vontress*, 299 Kan. 607. *White*, 308 Kan. at 503. Manifest injustice is determined from the totality of the circumstances. *Vontress*, 299 Kan. at 616. The court considers the following nonexhaustive factors to determine whether manifest injustice exists:

> "[W]hether (1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable claim of actual innocence, *i.e.,* factual, not legal, innocence." 299 Kan. at 616.

Perry filed his second 1507 motion in 2015, so we must apply *Vontress.* See *White*, 308 Kan. at 503. In the context of K.S.A. 60-1507(f), "manifest injustice" means "'obviously unfair'" or "'shocking to the conscience.'" *Vontress*, 299 Kan. at 614. Here, Perry has the burden to show manifest injustice exists, but he fails to do so.

First, Perry fails to provide any persuasive reasons or circumstances that prevented him from filing his 1507 motion within the one-year time limitation. Perry argues his ill-informed mother acting outside the scope of her power of attorney, his mental health

6

problems, and his failure to understand he had a right to competent legal counsel prevented him from timely filing a legitimate 1507 claim. But in 2012, Perry filed a motion to correct an illegal sentence and moved for appointed counsel in *Perry IV*. Even if we accept Perry was unaware he could be appointed counsel prior to 2012, he was clearly aware counsel could be appointed in 2012. Yet, in this appeal, Perry does not explain why he waited nearly two years after our court's order in *Perry IV*—and nearly 17 months after the mandate issued—to file his current 1507 motion. An issue not briefed is deemed waived or abandoned. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011).

Next, Perry has not shown the merits of his claim raise substantial issues of law or fact deserving of the district court's consideration. Perry's underlying argument is that he had ineffective trial counsel. To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales*, 300 Kan. at 882 (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]).

Perry's case is like *State v. Kelly*, 298 Kan. 965, 318 P.3d 987 (2014). Kelly moved to set aside his plea agreement after sentencing, alleging his trial counsel was ineffective. Like Perry, the applicable standard for Kelly's postsentencing motion was manifest injustice. Compare K.S.A. 2018 Supp. 22-3210(d)(2) and K.S.A. 2018 Supp. 60-1507(f). The *Kelly* court applied the two-pronged test under *Strickland* and noted that when the conduct at issue precedes a guilty plea, prejudice means there is a reasonable probability the defendant would have insisted on going to trial instead of entering the plea. 298 Kan. 970 (citing *State v. Shears*, 260 Kan. 823, Syl. ¶ 2, 925 P.2d 1136 [1996]). The *Kelly* court found Kelly's counsel was not ineffective because at Kelly's plea hearing,

he told the district court he understood his minimum and maximum sentencing range. 298 Kan. at 970-71.

Perry relies in part on *State v. White*, 289 Kan. 279, 211 P.3d 805 (2009). *White* notes the "'[d]efense counsel has an obligation to advise a defendant as to the range of permissible penalties and to discuss the possible choices available to the defendant.'" 289 Kan. at 285-86 (quoting *Shears*, 260 Kan. at 830). However, to establish ineffective assistance of counsel, the defendant must also establish he or she was prejudiced by the attorney's conduct. 289 Kan. at 287. The attorney's conduct is deemed harmless when, upon review of the entire record, the defendant is advised of the plea's consequences by either the written plea agreement or the court. 289 Kan. at 287.

Here, the merits of Perry's claim do not raise substantial issues of law or fact. According to Perry, his trial counsel was ineffective because he advised Perry he faced a maximum sentence of 57 years in prison, when he only faced up to 55 years. Even assuming this is true, it defies reason and logic that Perry would have insisted on going to trial if counsel advised Perry he faced two fewer years in prison. The decision would have required Perry to reject the plea deal for a sentence of 294 months or 24.5 years—a deal he found acceptable to avert a possible 57-year maximum sentence but ostensibly claims would be unacceptable if the possible sentence were 55 years. The premise is, in a word, unbelievable, and Perry offers no reason to make it seem otherwise. Additionally, at Perry's plea hearing the district court advised him his possible sentence ranged from 147 months to 653 months—12.25 to 54.41 years. Perry admitted he understood this sentencing range. Any error committed by Perry's trial counsel in explaining his possible sentence length did not prejudice Perry and was harmless. See *Kelly*, 298 Kan. at 970-71; *White*, 289 Kan. at 287.

Finally, Perry has not shown a colorable claim of actual innocence. Perry argues he would testify he manufactured the child pornography photographs as part of research

for a book and he is therefore innocent. His argument fails for two reasons. First, even if we assume Perry's argument is true, it in no way addresses the three counts of rape and one count of aggravated indecent liberties the State filed against him. Second, Perry failed to proffer any other new facts or evidence regarding his claim of innocence. Perry has not shown that a reasonable jury would not have convicted him based on his new evidence.

In conclusion, Perry has not established manifest injustice under the totality of the circumstances. Even if we assume manifest injustice existed before 2012, when Perry filed a motion to correct an illegal sentence and requested appointed counsel, Perry has not explained why more than one year passed between that motion and this 1507 motion. Perry's ineffective assistance of counsel claim presents no substantial issues of law or fact because any error of counsel was harmless. Lastly, Perry has failed to show a colorable claim of actual innocence. His second 1507 motion is untimely and successive. The district court did not err when it denied his motion after the preliminary hearing.

Affirmed.