IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 111,299

SHANNON BOGGUESS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

SYLLABUS BY THE COURT

When a Sixth Amendment ineffective assistance of counsel claim does not receive complete review during a direct appeal the claim is not barred by res judicata during a subsequent collateral action proceeding pursuant to K.S.A. 60-1507.

Review of the judgment of the Court of Appeals in an unpublished opinion filed May 29, 2015. Appeal from Sedgwick County District Court; JAMES R. FLEETWOOD, judge. Opinion filed June 9, 2017. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Krystle M. S. Dalke*, of Law Office of Michael P. Whalen, of Wichita, argued the cause, and *Michael P. Whalen,* of the same firm*,* was with her on the brief for appellant.

*Matt J. Maloney*, assistant district attorney, argued the cause, and *Marc Bennett,* district attorney, and *Derek Schmidt,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.:  In 2008, the State charged Shannon Bogguess with first-degree murder, aggravated robbery, aggravated kidnapping, aggravated assault, and criminal possession of a firearm—crimes for which he was ultimately convicted. His convictions were affirmed on appeal, and he later filed this action pursuant to K.S.A. 60-1507. The

1

trial court denied the motion after conducting a nonevidentiary hearing, and the Court of Appeals affirmed on alternative grounds. We affirm the judgment of the district court and the judgment of the Court of Appeals, albeit on only one of its stated alternative grounds.

FACTUAL AND PROCEDURAL BACKGROUND

On the morning Bogguess was scheduled to go before a jury for trial, he requested a bench trial on stipulated facts. The district court conducted the following colloquy with Bogguess:

"THE COURT: And, Mr. Bogguess, just so that I am perfectly clear on this matter, you do understand that all charges contained in and set forth in the amended Information filed on May 29 of 2009, are scheduled for jury trial today?

"[BOGGUESS]: Yes, sir.

"THE COURT: You understand that we have a jury potentially of up to 50 people available from whom the jury selection would be made and from whom a jury of 12 persons and one alternate would be chosen to hear and decide the case?

"[BOGGUESS]: Yes, sir.

"THE COURT: You understand that you have the absolute right to have a jury trial and have the evidence presented to a jury, and after they've been instructed by myself, then the jury would make a decision as to your guilt or as to whether you were guilty or not guilty of each of the six charges against you in this Complaint/Information; do you understand that?

"[BOGGUESS]: Yes, sir.

2

"THE COURT: And is it your desire at this time to waive and give up your right to that jury trial and to proceed as both the State and your attorneys have advised me on a trial by stipulated fact?

"[BOGGUESS]: Yes, sir.

"THE COURT: And you understand that the stipulated fact will take the place of actual live testimony, that it will be in the form of documentation presented to me and that documentation are the only facts that I will receive, the only facts that I will consider, and the only facts from which I will make my judgment; do you understand that?

"[BOGGUESS]: Yes, sir.

"THE COURT: Do you have any questions whatsoever about any of the rights you have to have a jury trial and the effect of giving up those rights to a jury trial and submitting this matter to me for trial on stipulated facts alone? Do you have any questions you would like to confer with on your attorneys or that you would like to ask me at this time?

"[BOGGUESS]: No, sir."

At this point, the trial judge noted that he had conducted the preliminary hearing, heard the pretrial motions, reviewed Bogguess' interrogation tape, and read the documents provided as part of the stipulation. The trial judge also had a copy of the three-page stipulation agreement. The district court verified once again that Bogguess wanted to proceed under that agreement:

"THE COURT: I do have a stipulation of facts for bench trial. On page three it has signatures of all four counsel and signatures of Mr. Bogguess.

"Mr. Bogguess, is this your signature on the document . . . ?

"[BOGGUESS]: Yes, it is.

3

"THE COURT: And this document is captioned stipulation of facts for bench trial?

"[BOGGUESS]: Yes, it is.

"THE COURT: Did you read this document, this stipulation of facts for bench trial, before you signed it?

"[BOGGUESS]: Yes, sir, I did.

"THE COURT: Do you agree that these are the facts you wish to stipulate to and submit to me for my decision in the case as to whether you're guilty or not guilty of these charges?

"[BOGGUESS]: Yes, sir."

The district court ultimately found Bogguess guilty on all counts. On the day of his scheduled sentencing, Bogguess filed a pro se "motion to dismiss counsel." Essentially, Bogguess made two claims in support of his dissatisfaction with his appointed counsel: (1) a conflict of interest because one of the potential prosecution witnesses was the cousin of an attorney at appointed counsel's firm; and (2) ineffective assistance of counsel for failing to present a closing argument at trial.

At his sentencing hearing, the district court denied Bogguess' motion after it questioned him about his claims. With respect to dissatisfaction arising from appointed counsel's performance, the district court ruled:

"Mr. Bogguess, I presided over your bench trial. It was a bench trial on stipulated fact[s]. Before we began those proceedings I went to great pains, great effort to make sure you understood that a bench trial on stipulated fact[s] was a trial in front of me alone, not in front of a jury of 12 people, and that it would be on stipulated fact[s] agreed

4

to by you, your defense attorneys and the State attorneys as to what evidence through a summary would be presented to me, and that only that summary of evidence would be considered by me in making my decisions as to whether or not the State had proven you guilty of any of the charges they brought against you.

> . . . .

> "Final arguments, Mr. Bogguess, are a courtesy to counsel. Quite honestly, more times than not they hurt rather than help the party making final arguments, but they are a courtesy. In a situation in a case where you're having a bench trial on stipulated fact, final arguments really aren't much of a necessity at all. And the fact that [appointed counsel] didn't give one on your behalf or if he gave an extremely abbreviated one on your behalf, I find nothing in that that would indicate ineffective assistance of counsel."

The district court then sentenced Bogguess to life in prison without the possibility of parole for 25 years for the first-degree murder count and imposed a consecutive 631 months' imprisonment for the remaining counts.

Bogguess directly appealed his conviction and sentence, which we affirmed. *State v. Bogguess (Bogguess I)*, 293 Kan. 743, 268 P.3d 481 (2012). Among the several issues we resolved in his direct appeal, we considered and rejected Bogguess' claim that the district court erred by denying his pro se motion on the day of sentencing.

> "Before determining whether to appoint new counsel, the trial court must make some inquiry into the defendant's complaints. [Citation omitted.] Here, the trial court held a hearing before sentencing at which it summarized the pro se motion and allowed Bogguess, his counsel, and the State to make statements and present arguments.

> "Bogguess alleged that his counsel had a conflict of interest because one of the State's witnesses was the cousin of an employee in his counsel's office. This witness worked at one of the stores where Bogguess used Collins' credit card to make a purchase. The prosecutor explained that the witness was on the list provided to defense counsel that

the State did not intend to call at trial. The trial court listened to Bogguess' concerns and ultimately decided that there was no potential prejudice or conflict of interest.

> "Bogguess also complained that his counsel was ineffective in providing no closing argument at the bench trial. The trial judge noted that he presided over the bench trial on stipulated facts and that closing arguments are not evidence to be considered in determining guilt. The trial court ultimately decided that the allegations raised in the motion were wholly without merit and denied the motion." 293 Kan. at 754.

It is important to note that we evaluated both the conflict of interest claim and the ineffective assistance of counsel claim within the framework of a motion to disqualify counsel and appoint new counsel. See *Bogguess I*, 293 Kan. at 753-54 (citing *State v. Sappington*, 285 Kan. 158, 166, 169 P.3d 1096 [2007] [stating that to warrant the appointment of new trial counsel, a defendant must show justifiable dissatisfaction with appointed counsel]). We did not discuss or conduct any analysis under *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (establishing the two-part test of an ineffective assistance of counsel claim pursuant to the Sixth Amendment). Nor did we hear arguments concerning or consider whether Bogguess was entitled to a remand for an evidentiary hearing on his claims pursuant to *State v. Van Cleave*, 239 Kan. 117, 119-121, 716 P.2d 580 (1986) (establishing guidelines for an appellate court when determining whether to remand a case for an evidentiary hearing on an ineffective assistance of counsel claim). Instead, we found that "the trial court had a reasonable basis for believing the attorney-client relationship had not deteriorated to the point where appointed counsel could no longer give effective aid in the fair presentation of Bogguess' defense. The trial court did not abuse its discretion by refusing to appoint new counsel." *Bogguess I*, 293 Kan. at 754.

Subsequently, Bogguess filed the instant case, a pro se K.S.A. 60-1507 motion collaterally attacking his conviction and sentence. As explained by the Court of Appeals panel below:

6

"On November 28, 2012, Bogguess filed a pro se K.S.A. 60-1507 motion, alleging that his trial counsel violated his constitutional right to effective assistance of conflict-free counsel and that the district court deprived him of his due process rights when it refused to suppress his confession. His essential contention was that [appointed counsel] had a conflict of interest and provided deficient representation by (1) failing to adequately explain the ramifications of waiving his constitutional right to a jury trial; (2) improperly judging the evidence for themselves and neglecting to present conflicting evidence to the court that would have raised reasons to doubt the prosecution theory; (3) choosing not to mount a meritorious defense; and (4) failing to argue their own ineffectiveness in support of his posttrial motion for substitute counsel.

"The allegations of ineffective assistance of counsel consisted mainly of conclusory assertions, but Bogguess did allege that [appointed counsel] had used 'deceit' to coerce him into proceeding upon stipulated facts. He alleged that they concocted a 'ploy' and intentionally misled him as to what was actually on the stipulation agreement.

"In response, the State argued that Bogguess was barred under the doctrine of res judicata from relitigating these claims because they had been addressed in his posttrial motion for substitute counsel and, further, that the record clearly demonstrated that his waiver decision was made knowingly, voluntarily, and intelligently.

"On April 4, 2013, the district court held a nonevidentiary hearing at which Bogguess was represented by [newly appointed counsel]. After entertaining the parties' arguments, the district court found that the 'motion, files and records [of the case] conclusively show [that Bogguess is] not entitled to the relief he requested.' In so ruling, the district court specifically noted that the matter of suppression of statements had been taken up and determined on appeal. It was also noted that the trial court had gone out of its way to make sure that Bogguess understood what he was doing and that he had not been duped into a bench trial on stipulated facts." *Bogguess v. State*, No. 111,299, 2015 WL 3555376, at *2-3 (Kan. App. 2015) (unpublished opinion).

The Court of Appeals affirmed the district court on alternative grounds—first because Bogguess was barred by res judicata from relitigating his claims; and second,

7

because his newly asserted claim of ineffective assistance of counsel on the alleged basis that Bogguess was tricked and deceived into waiving his right to a trial by jury failed on the merits. We granted review.

ANALYSIS

In asking us to reverse the Court of Appeals, Bogguess has narrowed and refined his arguments considerably. He now claims the doctrine of res judicata specifically cannot preclude his newly asserted charge that appointed counsel duped him into waiving his right to a jury trial, thus depriving him of his Sixth Amendment right to effective counsel. First, he argues that he did not litigate that question on direct appeal and this court never reviewed any of his claims on direct appeal under the *Strickland* ineffective assistance of counsel standard. And second, claims of ineffective assistance of counsel are generally collateral actions raised after completion of the direct appeal, and without the unusual step of ordering a *Van Cleave* remand, the result of a direct appeal can never preclude the assertion of ineffective assistance in a subsequent collateral action.

We agree with the Court of Appeals that the bulk of Bogguess' K.S.A. 60-1507 motion merely seeks to relitigate issues decided adversely to Bogguess during his direct appeal. Bogguess implicitly recognizes this and does not press those issues here. However, we agree with Bogguess that his collateral action asserting ineffective assistance of counsel should not be barred by res judicata because it was not litigated on direct appeal. We therefore disapprove of that portion of the Court of Appeals' decision. Nonetheless, we affirm the results below because the Court of Appeals correctly determined that Bogguess' claims fail on the merits.

"The applicability of res judicata is a question of law over which this court has unlimited review." *State v. Robertson*, 298 Kan. 342, 344, 312 P.3d 361 (2013) (citing *State v. Kelly,* 291 Kan. 868, 874, 248 P.3d 1282 [2011]). "The doctrine of res judicata

8

provides that 'where an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived.' [Citations omitted.]" *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014).

> "In Kansas, there are four requirements to apply res judicata: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity in the quality of persons for or against whom claim is made. *In re Care & Treatment of Sporn*, 289 Kan. 681, 686, 215 P.3d 615 (2009). In other words, '(1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits.' [Citations omitted.]" *Robertson*, 298 Kan. at 344.

Recently, we provided the following guidance for determining whether a court ought to apply res judicata to preclude a consideration of the merits of a subsequent claim:

> "When applying the rule, Kansas courts must be mindful of the equitable principles animating the doctrine. Thus, courts must consider the substance of both the first and subsequent action and not merely their procedural form. See *Comm'rs of Wilson Co. [v. McIntosh]*, 30 Kan. [234,] 238, 1 P. 572 [1883] ('We think there is a growing disposition to enlarge the scope of the doctrine of res judicata, and to place more regard on the substance of the decision than on the form of the proceedings.'). The doctrine may be liberally applied, but it requires a flexible and common-sense construction in order to vindicate its fundamental goals which are embedded in the requirements of justice and sound public policy. [Citations omitted.] This framework neither favors nor disfavors the application of the rule in any particular case. It merely requires that before the doctrine is either invoked or rejected, a court must conduct a case-by-case analysis that moves beyond a rigid and technical application to consider the fundamental purposes of the rule in light of the real substance of the case at hand." *Cain v. Jacox*, 302 Kan. 431, 434-35, 354 P.3d 1196 (2015).

Keeping this admonition in mind, the following three considerations weigh heavily in our determination.

First, the "merits of a claim of ineffective assistance of counsel ordinarily are not addressed for the first time on direct appeal." *State v. Dull*, 298 Kan. 832, 839, 317 P.3d 104 (2014) (citing *Rowland v. State*, 289 Kan. 1076, 1084, 219 P.3d 1212 [2009]). But there are exceptions, and in *Van Cleave*, we "set guidelines" governing the exceptions and dictating how an appellate court could "exercise[] its discretion when deciding whether to remand a case for an evidentiary hearing." *State v. Levy*, 292 Kan. 379, 389, 253 P.3d 341 (2011). To deny a defendant the ordinary recourse of a subsequent collateral action asserting ineffective assistance of counsel when that defendant was not afforded the benefit of a *Van Cleave* remand during his direct appeal not only undermines the equitable nature of the res judicata doctrine, but has the practical effect of undermining the general rule discouraging litigation of ineffective assistance claims on direct appeal—a result we do not countenance.

Second, in keeping with our general practice of frowning upon resolving ineffective assistance claims on direct appeal, when we decided *Bogguess I*, we clearly did not treat Bogguess' pro se motion at sentencing as a Sixth Amendment claim of ineffective assistance of counsel. Specifically, we analyzed the question under the rubric of a motion for substitute counsel rather than employing the traditional *Strickland* test for deciding Sixth Amendment ineffective assistance claims. A *Van Cleave* remand was not suggested, and we did not mention the possibility.

Third and finally, Bogguess asserted a brand new factual basis for his claim of ineffective assistance of counsel in his K.S.A. 60-1507 motion. To conclude, as did the Court of Appeals, that this is a claim that Bogguess "had the opportunity to [raise]" but failed to "when the district court specifically questioned him as to why he believed his waiver was involuntary," 2015 WL 3555376, at *5, strikes us as eliding the common-

10

sense grounding and fundamental purposes of the res judicata rule in favor of a return to formulaic rigidity. How, it can fairly be asked, can Bogguess be held to account for failing to press a pro se Sixth Amendment claim when neither his attorneys nor this court considered his motion as raising anything other than a claim for new counsel?

Bogguess cites *Rowland v. State*, 289 Kan. 1076, 219 P.3d 1212 (2009), in support of his claims. There, we described a circumstance similar to the one now before us:

"Ordinarily an ineffective assistance of trial counsel claim is not suitable for resolution on direct appeal. [Citation omitted.] There are several sound reasons for this rule. If trial counsel continues to represent a defendant on appeal, an ineffective assistance of counsel claim usually gives rise to an irreconcilable conflict of interest. If trial counsel does not continue to represent the defendant on appeal and yet is not inclined to fall on his or her sword, no chance to develop facts and present evidence in support of or in derogation of the quality of the trial representation will have been afforded to counsel or to the defendant. In addition, the district court judge who presided over the proceedings below, who usually is in the best position to judge the merits of many such claims, will not have had a chance to consider and rule upon the issue.

"Because such claims nevertheless become apparent during the pendency of some direct appeals, we have developed a procedure for remand to the district court to consider a claim that trial counsel was ineffective before the appeal is finally decided. This procedure, referred to as a *Van Cleave* hearing, see 239 Kan. at 120-21, may begin with a party's motion for such a remand or with the court's *sua sponte* order, so that facts relevant to determination of the legal issue may be developed and an evidentiary record established.

". . . Although there are circumstances when no evidentiary record need be established, when the merit or lack of merit of an ineffectiveness claim about trial counsel is obvious without that step being taken, [citations omitted] such circumstances are extremely rare. If an appellate court foregoes the *Van Cleave* procedure, it risks what has occurred here:  The defendant, with or without legal assistance, later moves under

11

K.S.A. 60-1507 to challenge ineffective assistance of counsel, either to complete the litigation of an earlier argument or to raise a new one or both. Without a thorough procedure in the first instance, such claims cannot be cavalierly rejected." 289 Kan. at 1084-85.

Thus, we held that "[b]ecause Rowland's ineffective assistance of counsel claim did not receive the complete review it was due during his direct appeal, he [could] advance further arguments in support of the claim on his K.S.A. 60-1507 motion." 289 Kan. at 1086.

We find further guidance in our decision *Grossman v. State*, 300 Kan. 1058, 337 P.3d 687 (2014). During his direct appeal, Grossman alleged a due process violation on the grounds that his admitted probation violations were involuntary and the result of ineffective assistance by defense counsel. After losing that argument, Grossman filed a K.S.A. 60-1507 motion claiming a Sixth Amendment violation due to ineffectiveness of counsel at the probation revocation hearing. The district court held a preliminary, nonevidentiary hearing during which it denied the motion. The Court of Appeals affirmed, ruling that res judicata barred Grossman's claim because his subsequent collateral action was nothing more than a return of his direct appeal dressed up in Sixth Amendment clothing. 300 Kan. at 1060-61.

We disagreed with the panel: "Simply put, [Grossman's] due process claim raised then is different from his ineffective assistance of counsel claim raised now. Although each claim relates to his admission and waiver, that relation does not transform the two distinct claims into the same one for purposes of res judicata." *Grossman*, 300 Kan. at 1063 (citing *Rowland*, 289 Kan. at 1084). Additionally, we noted that Grossman's "ineffective assistance of counsel claim is not one he typically could have presented on direct appeal." *Grossman*, 300 Kan. at 1063 (citing *Dull*, 298 Kan. at 839).

12

For all of these reasons, the Court of Appeals erred as a matter of law when it determined that Bogguess' Sixth Amendment ineffective assistance of counsel claim (based on his allegation that defense counsel deceived and tricked him) was barred by the doctrine of res judicata. But, as we discuss briefly below, the Court of Appeals nonetheless conducted a *Strickland* analysis and correctly held that Bogguess' claim fails on the merits because he cannot demonstrate any prejudice.

When presented with a K.S.A. 60-1507 motion, a district judge has three procedural options for handling the motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.'" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014) (quoting *Fischer v. State*, 296 Kan. 808, 822-23, 205 P.3d 560 [2013]).

In the present case, the district court held a preliminary, nonevidentiary hearing and ultimately denied the motion. We exercise unlimited review over the district court's decision. See *Grossman*, 300 Kan. at 1061.

Bogguess argues that an evidentiary hearing was required under K.S.A. 60-1507 because he raised valid claims of ineffective assistance supported by alleged facts that could only be conclusively determined by an evidentiary hearing. But even if we assume the facts Bogguess alleges are true, he cannot satisfy our legal test for finding a Sixth Amendment violation.

13

"'The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." This right to counsel is applicable to state proceedings under the Fourteenth Amendment. [Citation omitted.] This guarantee includes the right to more than the mere presence of counsel[. It] also [includes] the effective assistance of counsel. [Citations omitted.] We have acknowledged that "[t]he purpose of the effective assistance guarantee 'is simply to ensure that criminal defendants receive a fair trial.'"'" *Fuller v. State*, 303 Kan. 478, 486, 363 P.3d 373 (2015) (quoting *State v. Galaviz,* 296 Kan. 168, 174, 291 P.3d 62 [2012] [quoting *Strickland,* 466 U.S. at 689]).

Claims that deficient performance by defense counsel denied the defendant a fair trial, such as those advanced by Bogguess

"are the 'general rule' and controlled by *Strickland.* [Citation omitted.] To prevail on such a claim, a criminal defendant must establish (1) the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, *i.e.,* that there is a reasonable probability the jury would have reached a different result absent the deficient performance. [Citations omitted.]" *Sola-Morales*, 300 Kan. at 882-83.

In conducting a *Strickland* analysis, the Court of Appeals found:

"The record here clearly establishes that, prior to accepting Bogguess' jury trial waiver and stipulation, the district court engaged in an extensive and thorough colloquy with Bogguess to ensure he made his decision knowingly, voluntarily, and intelligently. The questioning by the court gave Bogguess a full and ample opportunity to express any misunderstanding or conflicting information which he may have received from [appointed counsel]. The court's inquiries gave Bogguess an opening to express any allegations of deception and/or ploy or any other pressures he was feeling at the time. He could even have changed his mind in response to the court's explanations. Instead, he acknowledged the waiver on the record and signed the stipulation. Based on the transcript of these proceedings, even if we were to assume without deciding that [appointed counsel] somehow deceived or misinformed Bogguess, the district court took all the

14

required steps to protect Bogguess' rights and, in doing so, cured any potential prejudice associated with the alleged ineffective assistance of counsel." *Bogguess*, 2015 WL 3555376, at *5.

We find no error in this holding.

Affirmed.