NOT DESIGNATED FOR PUBLICATION

No. 117,221

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DAVID CROTHERS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS and JOSEPH L. MCCARVILLE III, judges. Opinion filed February 2, 2018. Affirmed in part and reversed in part.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., STANDRIDGE, J., and STUTZMAN, S.J.

PER CURIAM:  David Crothers appeals from the district court's denial of his K.S.A. 60-1507 motion in which he claimed ineffective assistance by trial and appellate counsel during proceedings concerning revocation of his probation in two cases. Because we find counsel was ineffective in one of the cases, but not both, we affirm the district court in part and reverse in part.

1

FACTS AND PROCEDURAL BACKGROUND

On September 16, 2011, in 11CR322, Judge Timothy J. Chambers of the Reno District Court sentenced Crothers to 102 months in prison but granted Crothers a downward dispositional departure to probation and assigned him to intensive supervision with community corrections for 36 months. On February 24, 2012, in 11CR749, Judge Joseph L. McCarville III, of the same court, sentenced Crothers to 46 months in prison but also granted a departure to probation for 36 months under the supervision of community corrections.

A few months later, on May 1, 2012, the State filed a motion to revoke Crothers' probation in both cases for various alleged violations of his probation conditions, including "[b]eing arrested on new charges of Aggravated Burglary on April 27, 2012." Judge Chambers took up the alleged violations in 11CR322 on May 11, 2012, found Crothers was in violation of his probation conditions and allowed him to remain on probation for 36 months after serving a 60-day jail sanction. The hearing on the alleged violations in 11CR749 originally was also scheduled for May 11, after the hearing had been held in 11CR322. In that later hearing, the State represented Crothers had stipulated to the alleged violations before Judge Chambers and noted the action Judge Chambers had taken. Judge McCarville announced: "I'll take judicial notice of the stipulation and acceptance of that stipulation by Judge Chambers and I'll revoke the probation." Judge McCarville set June 22, 2012, as the date on which he would consider disposition on the revoked probation.

On July 12, 2012, after Crothers had been bound over for trial at his preliminary hearing, the State filed a new motion to revoke Crothers' probation in 11CR322 on the sole basis that probable cause had been found to bind Crothers over for trial in the new case. In 11CR749, the State filed a second amended motion to revoke, adding the allegation about the result of the preliminary hearing.

2

At the probation revocation hearing in 11CR322, Crothers acknowledged being bound over in the new case. The State presented no additional evidence. Judge Chambers revoked Crothers' probation, stating: "Based upon the bind over with a probable cause finding having been made the court will revoke assignment to Community Corrections." Judge Chambers then ordered a transcript of the preliminary hearing and continued the probation revocation hearing to consider disposition on August 17, 2012.

At a hearing on August 3, 2012, in 11CR749, Judge McCarville noted that Judge Chambers had revoked probation in Crothers' case and was going to review the preliminary hearing transcript before making a decision on disposition on August 17. Judge McCarville then continued the hearing in his case to the same date, said he also would review the preliminary hearing transcript, and offered the following comments:

> "As I've explained this here, this is for Mr. Crothers' education, the burden of proof in a preliminary hearing is a little different than in a revocation hearing. . . . At a preliminary hearing, Mr. Crothers, the State has to prove its more likely than not that the crime was committed and there's probable cause to believe you're the one responsible. On a probation revocation all of the burdens have to do with preponderance of the evidence more likely than not. I understand, I think that Judge Chambers is going to look at that preliminary hearing transcript to see, also and will give us some guidance on disposition so that's probably what you and I will be talking about on the afternoon of the 17th of August, although I will tell you that I'll give you a fresh look at whether or not there's enough evidence to revoke you, also."

On August 17, 2012, for reasons not clear in the record, Crothers appeared before Judge McCarville for both cases. Although both judges had revoked Crothers' probation earlier, Judge McCarville announced he was revoking Crothers' probation in both cases and ordered Crothers to serve the original underlying sentences.

When Crothers appealed, the cases were consolidated. A panel of this court affirmed the revocations of probation in *State v. Crothers*, No. 108,699, 2013 WL 3868047 (Kan. App. 2013) (unpublished opinion), *rev. denied* 298 Kan. 1205 (2014). Contrary to the finding of the district court, Crothers contended the preliminary hearing transcript showed he was not involved in the aggravated burglary for which he was bound over. The panel found, however, that Crothers' failure to include the preliminary hearing transcript in the record prevented him from showing the district court erred in rejecting his claim of noninvolvement. 2013 WL 3868047, at *3.

On October 27, 2014, Crothers filed a motion pursuant to K.S.A. 60-1507. He alleged Judge McCarville abused his discretion and committed judicial misconduct by making prejudicial statements against him. He also alleged his probation revocation attorney, Sarah McKinnon, provided ineffective assistance of counsel because she: did not request a copy of the preliminary hearing transcript for his appeal; tried to persuade him to drop his appeal in exchange for the State's dismissal of the new aggravated burglary charge; failed to argue for a continuance until Judge Chambers could preside over disposition of his case; did not ask for a continuance until after the new charges were resolved; and did not "fight for" a modification of his underlying sentences.

On February 13, 2015, Crothers moved to amend his 60-1507 motion, raising additional claims of error. He alleged his appellate counsel provided ineffective assistance of counsel by failing to include the preliminary hearing transcript in the appellate record.

The district court held a nonevidentiary hearing on Crothers' 60-1507 motion on February 19, 2015. At the hearing, Crothers' attorney argued appellate counsel's failure to include the transcript from the preliminary hearing was sufficient to show ineffective assistance. After response from the State, the district court discussed and rejected Crothers' argument about the failure of appellate counsel to include the preliminary

4

hearing transcript in the appellate record. The district court also addressed and rejected other arguments Crothers had raised in his pro se motion that had not been specifically discussed by counsel in that hearing. Finding no basis for further proceedings, the district court dismissed Crothers' 60-1507 motion.

Crothers timely appealed.

ANALYSIS

Crothers presents one issue on appeal. He contends his trial and appellate counsel both were ineffective because they failed to argue the district court used the wrong standard of proof for his probation revocations and, as a result, he asserts the district court erred in denying his 60-1507 motion.

*Standard of review*

A district court has three options when handling a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

The standard of review depends upon which of these options a district court utilizes. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). Where, as here, the district court denies a 60-1507 motion based only on the motions, files, and records after a preliminary hearing, the appellate court is in just as good a position as the district

court to consider the merits. Therefore, our standard of review is de novo. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

*Preservation*

Crothers claims both his trial counsel and his appellate counsel were ineffective because they failed to argue the district court incorrectly revoked his probation simply because he was bound over on newly filed aggravated burglary charges. The State contends Crothers has not preserved this issue for appeal. The record shows Crothers did not raise this issue either in his motion or amended motion, or at the preliminary hearing on his 60-1507 motion. However, in his brief filed for this appeal, Crothers asserts the motion for reconsideration he filed with the district court raised the issue, which "seems to be connected to" the argument he made that his trial attorney did not advocate for him.

Crothers' attempt to link these issues is unconvincing. The paragraph Crothers refers to in the motion to reconsider is simply titled "*State v. Inkelaar*," and states:

> "'To sustain an order of revoking probation, the violation must be established by a preponderance of evidence, it is established when the evidence demonstrates a fact is More True than Not True.' The preliminary hearing does not provide substantial evidence to revoke Crothers [sic] probation."

This paragraph raises a claim Crothers had not previously made. Moreover, Crothers' notice of appeal did not refer to the denial of his motion for reconsideration, where this argument surfaced. Crothers appealed from the February 19, 2015 journal entry and its findings and the dismissal of his 60-1507 motion. More to the point, an argument raised for the first time in a motion to reconsider does not truly seek reconsideration because the district court misunderstood a position or misapplied a legal principle; it is instead an attempt to try another approach when all previous arguments have failed.

6

Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), the Supreme Court held that litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed, and the issue will be deemed waived or abandoned. Thereafter, the Supreme Court held that Rule 6.02(a)(5) would be strictly enforced. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).

Crothers has not explained why this issue should be considered for the first time on appeal and his failure to comply with Supreme Court Rule 6.02(a)(5) means his arguments arguably should be deemed waived or abandoned. Given the clarity of the issue and the peculiar procedural trail traveled by Crothers' two cases, however, we address the merits of his claim.

*Failure to object to incorrect standard of proof*

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales*, 300 Kan. at 882 (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]). Similarly, to establish ineffective assistance of counsel on appeal, a defendant must show that (1) counsel's performance, based upon the totality of the circumstances, was deficient in that it fell below an objective standard of reasonableness, and (2) the defendant was prejudiced to the extent that there is a reasonable probability that, but for counsel's deficient performance, the appeal would have been successful. *Miller v. State*, 298 Kan. 921, 930-31, 934, 318 P.3d 155 (2014).

Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge. The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014).

Crothers' ineffectiveness claim is based on the failure of his trial and appellate counsel to challenge the standard of evidence used to revoke his probation. He alleges the district court applied a probable cause standard instead of a preponderance of the evidence standard. In order to revoke probation, a probation violation must be proved by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). This standard is met when the evidence demonstrates a fact is more probably true than not true. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007).

A similar set of facts was considered by another panel of this court in *State v. Bailey*, No. 100,918, 2009 WL 2506265 (Kan. App. 2009) (unpublished opinion). In *Bailey*, the defendant pled no contest to aggravated sexual battery. Pursuant to a plea agreement, the district court sentenced him to 60 months' imprisonment but placed Bailey on 60 months' probation. The State later moved to revoke Bailey's probation because he had been charged with new offenses while on probation. At the hearing, the State asserted Bailey had been bound over on charges in another division of the district court and had been charged separately in a Missouri case. The district judge specifically relied on the finding of probable cause that Bailey had committed new crimes and revoked Bailey's probation, ordering him to serve his underlying sentence. Bailey appealed and the panel reversed and remanded stating:

> "Because the trial judge did not preside over the preliminary hearing on the new charges and because the State presented no evidence other than probable cause findings, it is questionable whether the State carried its burden of proof when the motion to revoke

8

Bailey's probation was heard. Moreover, the trial court clearly applied the wrong standard, probable cause. As a result, we reverse and remand this matter for a new hearing and for the court to apply the correct standard." 2009 WL 2506265, at *3.

More recently, in *State v. Lloyd,* 52 Kan. App. 2d 780, 375 P.3d 1013 (2016), this court directly considered the core question. That panel concluded:

"Here, the district court revoked Lloyd's probation based solely on his admission to being bound over in another criminal case. The State did not present any evidence of a probation violation other than its own statements regarding the new charge. The State was required to prove the probation violation by a preponderance of the evidence, but only the lesser standard of probable cause was required for Lloyd to be bound over after his preliminary hearing. Accordingly, the district court's revocation of Lloyd's probation on the basis of his stipulation was an error of law and, therefore, an abuse of discretion." [Citations omitted]. 52 Kan. App. 2d at 783-84.

In 11CR322, Crothers acknowledged being bound over on the new charges and the State elected to proceed with no additional evidence. On that basis alone, Judge Chambers revoked Crothers' probation, stating: "Based upon the bind over with a probable cause finding having been made the court will revoke assignment to Community Corrections."

In 11CR749, Judge McCarville revoked Crothers' probation in May. In August, at a hearing prior to entering orders for disposition in the case, Judge McCarville commented on the difference in the evidentiary standards for revocations and preliminary hearings and committed to review the transcript of Crothers' preliminary hearing to ensure the evidence presented was sufficient to support a revocation order.

At a hearing two weeks later, Judge McCarville confirmed he had read the transcript of the preliminary hearing on Crothers' new charges and he concluded:

9

"Whether or not a jury will find Mr. Crothers guilty beyond a reasonable doubt based upon that remains to be seen . . . . Whether or not I believe that it's more likely than not that he knew he was participating in criminal activity, that's not in doubt. There's no doubt in my mind."

In 11CR322, as in both *Lloyd* and *Bailey*, the district court clearly applied the wrong standard to revoke Crothers' probation, relying solely on the probable cause finding. Crothers' counsel was deficient in her representation by failing to object to the court's error and Crothers' appellate counsel also was ineffective for failing to raise the argument on appeal.

In contrast, neither trial nor appellate counsel in 11CR749 provided ineffective assistance of counsel. Although it occurred after he had pronounced revocation of Crothers' probation in this case, Judge McCarville nonetheless reviewed the preliminary hearing transcript for the announced purpose of verifying the sufficiency of the evidence and found the standard had been met. Because the judge ultimately did assess the State's proof by the correct standard, Crothers' claim fails as it relates to that case.

Since Crothers' counsel did fall short of the expected standard in 11CR322, the next step is to determine whether Crothers was prejudiced. The failure by counsel to raise this issue denied Crothers the fundamental right to have the State's evidence of his alleged violations measured against the correct level of proof. On the appeal of his revocation in that case, the error was compounded when the issue was not presented to the panel for its consideration. Our conclusion is the same as that reached by the panels in *Lloyd* and *Bailey*. The order for revocation in 11CR322 must be reversed and the case remanded for a hearing holding the State to the proper standard of proof.

We finally note we find no merit to Crothers' principal original claim concerning the failure to include the preliminary hearing transcript in the prior appellate record. Although the panel did note that failure, it concluded:

> "[T]he trial court was obviously not convinced that any of these circumstances outweighed Crothers' other actions, which the court found demonstrated that, no matter how many chances he was given, he was going to continue to violate the conditions of his probation and commit crimes against persons. These findings are certainly supported by the record on appeal." Crothers, 2013 WL 3868047, at *3.

In view of the panel's evaluation of all the circumstances and its conclusion that the revocations were not an abuse of discretion, we find no basis to conclude the absence of the transcript was a critical factor.

Affirmed in part and reversed in part.