IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 107,929

PATRICK B. GROSSMAN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

SYLLABUS BY THE COURT

1.

When the district court denies a K.S.A. 60-1507 motion based only on the motion, files, and records after a preliminary hearing, appellate courts exercise de novo review.

2.

A movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing; the movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record. If a movant satisfies that burden, the court is required to grant a hearing unless the motion is second or successive and seeks similar relief.

3.

If a direct appeal has been taken from a criminal conviction or sentence, the doctrine of res judicata provides that the parties to the appeal are barred from relitigating any issue decided in the direct appeal. Further, those issues that could have been presented in the direct appeal, but were not, are deemed waived in a collateral proceeding.

1

4.

Ordinarily an ineffective assistance of trial counsel claim is not suitable for resolution on direct appeal.

Review of the judgment of the Court of Appeals in an unpublished opinion filed August 23, 2013. Appeal from Sedgwick District Court; ANTHONY J. POWELL, judge. Opinion filed November 21, 2014. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, was on the briefs for appellant.

*Matt J. Maloney*, assistant district attorney, *Nola Tedesco Foulston*, former district attorney, and *Derek L. Schmidt*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

NUSS, C.J.:  Patrick B. Grossman filed a motion for postconviction relief under K.S.A. 60-1507, alleging his counsel at a probation revocation hearing was unconstitutionally ineffective. The district court denied his motion after a preliminary hearing, and the Court of Appeals affirmed. We granted his petition for review.

We agree with Grossman that the Court of Appeals erred by applying the doctrine of res judicata to bar his claim. But because his claim is meritless, we affirm both lower courts' denials of his motion.

## FACTS AND PROCEDURAL HISTORY

In 2007, Grossman entered a no contest plea to one count of violating the Kansas Offender Registration Act, K.S.A. 22-4901 *et seq*. The district court granted his request for a downward dispositional departure to 36 months' probation, with an underlying

prison term of 53 months. The terms of probation included Grossman's agreement to refrain from illegal drug use.

In early 2009, Grossman's intensive supervision officer (ISO) filed a warrant with the district court, alleging Grossman had violated the terms of his probation on 10 occasions. A month later, his ISO filed another warrant alleging an additional violation. The district court authorized Grossman's arrest for a hearing on the alleged violations.

At the hearing to determine whether Grossman's probation should be revoked, the court detailed the allegations against him. Grossman's counsel responded, "Mr. Grossman is prepared to admit those allegations and make a presentation on mitigation in support of reinstatement." Grossman did not object to his attorney's statement.

The court then revoked Grossman's probation, stating, "The defendant having waived his right to a formal hearing, admitting to the allegations contained within both those warrants, the Court finds the terms and conditions of his probation have been violated. I will hereby revoke his probation, [and] move on to the dispositional phase of the proceedings . . . ." Neither Grossman nor his attorney objected to any part of the court's ruling.

As for disposition, the State and the ISO both recommended Grossman be ordered to serve the remainder of his prison sentence. Grossman's attorney responded that several mitigating factors instead justified further probation. In counsel's response, he repeatedly admitted multiple violations of Grossman's probation terms without objection from Grossman.

Grossman then personally addressed the court, arguing that mitigating factors justified further probation instead of prison. During his presentation, Grossman expressly, and repeatedly, admitted the State's allegations of violating the terms of his probation.

3

For example, in response to the court's question about his drug use, Grossman stated, "I understand, Your Honor, and I'm not pointing fingers. I haven't pointed fingers at anybody. I have admitted each time that it was my fault." He also said, "I mean, I did take responsibility for my actions. I admitted to it. I have never told you that I wasn't smoking pot." After Grossman's presentation, the court ordered him to serve the balance of his prison sentence.

Grossman argued to the Court of Appeals that the district court violated his due process rights by failing to determine whether his admission and waiver of an evidentiary hearing were knowing and voluntary. *State v. Grossman*, 45 Kan. App. 2d 420, 423, 248 P.3d 776 (2011). The panel rejected his arguments and affirmed. It held that through his counsel's admissions, Grossman freely waived his right to contest the allegations, and the district court did not violate his due process rights by accepting the admissions as his voluntary waiver. 45 Kan. App. 2d at 425.

In September 2011, Grossman filed the present pro se 60-1507 motion. He asserts his counsel was unconstitutionally ineffective at the 2009 probation revocation hearing because counsel allegedly ignored Grossman's instructions to dispute the ISO's accusations and to request an evidentiary hearing.

The district court held a preliminary, nonevidentiary hearing on the motion where Grossman was represented by counsel. His 60-1507 counsel argued the probation revocation counsel's admission and waiver were "absolutely opposite of what [Grossman] instructed counsel to do." The court denied the motion, concluding, "All this stuff that's come up after the fact is just not credible to the Court." It continued, stating, "He's had his shot at the Court of Appeals [on direct appeal] where they examined this issue and found it was a knowing and intelligent waiver of his right to a hearing and a valid admission."

A panel of the Court of Appeals affirmed, ruling that the prior panel had already rejected Grossman's assertion that his waiver of an evidentiary hearing and admission to

4

the alleged probation violations were not knowing and voluntary. It expressly held the doctrine of res judicata barred Grossman's present claim because his "present habeas corpus motion is merely the same issue resubmitted under the guise of an ineffective assistance of counsel claim." *Grossman v. State*, No. 107,929, 2013 WL 4564814, at *2 (Kan. App. 2013) (unpublished opinion). We granted Grossman's petition for review under K.S.A. 20-3018(b), obtaining jurisdiction under K.S.A. 60-2101(b).

## ANALYSIS

Issue: *Grossman is not entitled to an evidentiary hearing on his K.S.A. 60-1507 motion.*

Grossman argues the district court erred in failing to hold a full evidentiary hearing to investigate his claim of ineffective assistance by his probation revocation counsel in 2009. He contends such a hearing would disclose evidence to support his claim.

The State responds that Grossman's 60-1507 motion does not justify an evidentiary hearing because his arguments are precluded by res judicata. In the alternative, the State contends the record does not support his claim, noting both Grossman and his attorney admitted his probation violations at the revocation hearing.

*Standard of review*

When, as here, a district court denies a 60-1507 motion based only on the motion, files, and records after a preliminary hearing, we are in as good a position as that court to consider the merits. So we exercise de novo review. *Sola-Morales v. State*, 300 Kan. __, __ P.3d __, (No. 104,388, filed October 24, 2014), slip op. at 9.

5

*Discussion*

We begin our review of Grossman's claims by acknowledging his burden. "A movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing; the movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record." *Sola-Morales*, 300 Kan. __, Syl. ¶ 3. Once a movant satisfies that burden, we are "required to grant a hearing, unless the motion is 'second' or 'successive' and seeks similar relief." *Holmes v. State*, 292 Kan. 271, 274, 252 P.3d 573 (2011) (quoting *Holt v. State*, 290 Kan. 491, 495, 232 P.3d 848 [2010]).

Because Grossman's 60-1507 motion is based on the purported ineffectiveness of his probation revocation counsel, the substantive guarantees of effective counsel would typically control whether he is entitled to an evidentiary hearing. An accused's right to counsel guaranteed under the Sixth Amendment to the United States Constitution includes the right to effective assistance of that counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 (1984).

But before we consider the substance of Grossman's constitutional claim, we first address whether the Court of Appeals panel correctly barred the claim by applying the doctrine of res judicata.

*Res judicata*

Grossman argues the doctrine of res judicata does not apply under his circumstances because this claim is neither a claim he actually raised on direct appeal nor one he could have raised there. The State agrees with the panel. But as discussed below, we agree with Grossman.

6

We have held: "The doctrine of res judicata provides that 'where an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived.'" *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014) (quoting *State v. Neer*, 247 Kan. 137, 140-41, 795 P.2d 362 [1990]).

Here, Grossman did not actually raise his current claim on his direct appeal. Simply put, his due process claim raised then is different from his ineffective assistance of counsel claim raised now. Although each claim relates to his admission and waiver, that relation does not transform the two distinct claims into the same one for purposes of res judicata. *Cf. Rowland v. State*, 289 Kan. 1076, 1084, 219 P.3d 1212 (2009) (ruling on direct appeal regarding a jury instruction did not foreclose ineffective assistance of counsel argument related to the same jury instruction in 60-1507 motion).

Additionally, as Grossman points out, his ineffective assistance of counsel claim is not one he typically could have presented on direct appeal. See *State v. Dull*, 298 Kan. 832, 839, 317 P.3d 104 (2014) ("The merits of a claim of ineffective assistance of counsel ordinarily are not addressed for the first time on direct appeal."). Because not all of the elements of res judicata are present, the panel erred by holding that doctrine bars his present claim.

*Ineffective assistance of counsel*

Despite the panel's error on the res judicata issue, we agree with the State that Grossman is still not entitled to an evidentiary hearing on his ineffective assistance of counsel claim. Grossman expressly, and repeatedly, admitted the State's allegations of his drug use that demonstrate violation of the terms of his probation. Accordingly, we conclude he would be unable to elicit evidence of sufficient reliability at an evidentiary hearing to overcome his numerous admissions and prove his counsel was

7

unconstitutionally ineffective. See S*ola-Morales*, slip op. at 18 ("'Admissions against interest made by a party are the strongest kind of evidence and override other factors.'") (quoting *City of Wichita v. Sealpak Co.*, 279 Kan. 799, 802, 112 P.3d 125 [2005]).

So the district court properly denied Grossman's 60-1507 motion after a preliminary hearing because there is no substantial issue for resolution at an evidentiary hearing. See *Holmes*, 292 Kan. at 274 (conclusory allegations do not justify evidentiary hearing). In other words, the motion, files, and records—specifically, the transcript from the probation revocation hearing—conclusively establish that Grossman is not entitled to relief. Accordingly, although the panel erred by applying res judicata, we affirm the denial of Grossman's 60-1507 motion after the preliminary hearing. See *State v. May*, 293 Kan. 858, 869-70, 269 P.3d 1260 (2012) (lower courts' reason for ruling immaterial if ruling correct for any reason).

Affirmed.

MICHAEL J. MALONE, Senior Judge, assigned.[1]

---

[1] **REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 107,929 to fill the vacancy on the court created by the appointment of Justice Nancy Moritz to the United States 10th Circuit Court of Appeals.