NOT DESIGNATED FOR PUBLICATION

No. 115,185

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LANCE J. HARRIS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed March 3, 2017. Reversed and remanded with directions.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Laura L. Miser*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., POWELL and SCHROEDER, JJ.

POWELL, J.: Lance J. Harris appeals the district court's summary dismissal of his K.S.A. 60-1507 motion, arguing he was entitled to an evidentiary hearing and the district court's findings of fact and conclusions of law were insufficient. Because we agree that Harris was entitled to an evidentiary hearing, we reverse and remand.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2011, Harris was charged in two separate cases with 13 drug-related offenses. In exchange for Harris' plea of no contest to three of the offenses, the State agreed to dismiss the remaining charges and not seek a departure. The plea agreement stated that no other agreements were reached on sentencing. At the plea hearing, the plea agreement was reviewed, and Harris confirmed that the discussed agreement was correct. He also told the district court that he read and understood the agreement. Following the plea colloquy, the district court accepted Harris' no contest plea.

At sentencing, the State asked the district court to impose consecutive sentences. Harris objected and moved to withdraw his plea, claiming his attorney told him that the State had agreed to stand silent at sentencing. The district court reminded Harris that they had gone over the plea agreement at the plea hearing and that the plea agreement specifically stated there were no agreements on sentencing. Harris acknowledged this but asked the district court where the agreement stated the State was going to request consecutive sentences. After an off-the-record discussion with his attorney, Harris told the district court that there had been some confusion between him and his attorney because he thought the State had agreed to stand silent at sentencing. Ultimately, the district court imposed consecutive sentences.

Following a direct appeal in *State v. Harris*, No. 107,445, 2012 WL 6734658 (Kan. App. 2012) (unpublished opinion), Harris filed his present pro se K.S.A. 60-1507 motion in which he asserted several claims, including 12 claims of ineffective assistance of counsel. He later moved to amend his motion to add additional claims, but the district court found that the amended motion was untimely and did not relate back to the original motion. The State filed a motion for summary dismissal, and Harris, through his assigned counsel, filed a response. The district court summarily dismissed Harris' motion after a preliminary hearing.

2

Harris timely appeals.

## DID THE DISTRICT COURT ERR IN DENYING HARRIS' K.S.A. 60-1507 MOTION WITHOUT AN EVIDENTIARY HEARING?

Harris asserted several claims before the district court, but before us he only argues that his plea counsel was ineffective by telling him that the State would stand silent at sentencing. Harris argues he is entitled to an evidentiary hearing on this claim. Because Harris fails to argue his other claims, we deem them waived or abandoned. See *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016).

Our Supreme Court has held that a district court has three options when considering a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

When, as here, the district court dismisses the motion based on the motion, files, and records after a preliminary hearing, our review is de novo. See *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

To prove a claim of ineffective assistance of counsel, a movant must show that (1) counsel's performance was deficient and (2) counsel's deficient performance caused prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d

674 (1984); see also *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985) (adopting *Strickland*). Counsel's performance was deficient if, considering all the circumstances, it "fell below an objective standard of reasonableness." *Bledsoe v. State*, 283 Kan. 81, 90, 150 P.3d 868 (2007). In this particular instance, "prejudice means a reasonable probability that, but for the deficient performance, the defendant would have insisted on going to trial instead of entering the plea. [Citations omitted.] 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Citation omitted.]" *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014).

The essence of Harris' claim is that he would not have entered his plea if he had known his attorney's statement that the State would stand silent at sentencing was incorrect. The State argues the district court's dismissal was correct because the clear language of the plea agreement forbade such a possibility. We disagree. "It is erroneous to deny a 60-1507 motion without an evidentiary hearing where the motion alleges facts which do not appear in the original record, which if true would entitle the movant to relief." *State v. Holmes*, 278 Kan. 603, 629, 102 P.3d 406 (2004). If it is true that Harris' counsel erroneously informed Harris that the State would remain silent at sentencing and if it is true that Harris would have gone to trial without such an assurance, the wording of the plea agreement notwithstanding, then Harris would be entitled to withdraw his plea. Harris has the burden to prove both elements.

Accordingly, we reverse the district court's dismissal of Harris' motion and remand for an evidentiary hearing. Given our decision, Harris' other issue raised on appeal is moot.