NOT DESIGNATED FOR PUBLICATION

No. 115,683

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

EUGENE KELTNER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed May 19, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at Law, of Lawrence, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and MCANANY, JJ.

*Per Curiam*: A person has 1 year to bring a claim for relief under K.S.A. 60-1507. The 1-year limit may be extended by a court to prevent manifest injustice. K.S.A. 60-1507(f)(2). The district court dismissed Eugene C. Keltner's K.S.A. 60-1507 motion, finding that it was time barred and that Keltner did not show manifest injustice. On appeal, Keltner argues that the district court erred in three ways: (1) by failing to inquire into a potential conflict of interests raised in Keltner's 60-1507 motion; (2) by holding that the conflict of interests claim did not establish manifest injustice; and (3) by failing to make findings of fact and conclusions of law on the conflict of interests issue. Because

1

the facts provided by Keltner do not establish that there was a conflict of interests, much less a prejudicial conflict, we affirm.

FACTUAL AND PROCEDURAL HISTORY

The State charged Keltner with aggravated robbery in 2005. On June 15, 2006, the district court entered an order of transportation ordering the Sheriff of Johnson County to transport Keltner from Wyandotte County, where he was serving a sentence in a different case, to Johnson County. After a number of continuances, the case proceeded to trial on stipulated facts on February 17, 2009. The district judge found Keltner guilty of aggravated robbery. Keltner had a criminal history score of A, and his presumptive prison sentence was 233-247-221 months in prison. The district court departed downward and sentenced Keltner to 120 months in prison. Keltner's sentence was to run consecutive to sentences in three separate cases from Wyandotte County.

Keltner filed a 60-1507 motion in September of 2012, approximately 1 year and 3 months after the mandate was issued denying his direct appeal. He alleged three grounds that he was being held in custody unlawfully:  (1) the warrant was not properly executed because the State failed to comply with the Uniform Mandatory Disposition Detainers Act (UMDDA); (2) his lawyer had previously served as a judge and presided over Keltner's probation revocation hearing, creating a conflict of interests; and (3) the district court violated his speedy trial rights by failing to bring him to trial within 90 days. The district court found that Keltner's claims were barred by the 1-year limit for bringing 60-1507 motions and that Keltner did make the showing of manifest justice necessary to extend the time limit.

The district court also addressed the substance of Keltner's motion, "to be on the safe side." The district judge acknowledged that it took a long time for Keltner to get to trial, but "almost all" of the time could be attributed to Keltner. Keltner had five different

2

attorneys, made many requests for continuances, and underwent two competency evaluations. The judge also noted that the delay was not prejudicial to Keltner because he was already in custody in Wyandotte County for other cases. The judge also stated that the UMDDA issue had already been litigated and decided in a previous case by the Court of Appeals, which rejected Keltner's argument. *State v. Keltner*, No. 102,491, 2011 WL 781622 (Kan. App. 2011) (unpublished opinion).

Keltner appealed.

ANALYSIS

Keltner raises three issues on appeal:  (1) "Did the District Court err by not inquiring into Mr. Keltner's claim of conflict of counsel?"; (2) "Does the existence of a potential conflicted counsel show sufficient manifest injustice to allow Mr. Keltner to file his K.S.A. 60-1507 motion out of time?"; and (3) "Did the District Court err by not issuing findings of fact and conclusions of law on Mr. Keltner's claim that his attorney had a conflict in representing him in his criminal proceedings?"

When the district court denies a 60-1507 motion based only on the motions, files, and records after a preliminary hearing, the appellate court is in just as good a position as the district court to consider the merits. Therefore, the standard of review is de novo. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

A person has 1 year to bring a claim for relief under K.S.A. 60-1507. The 1-year limit may be extended by a court to prevent manifest injustice. K.S.A. 60-1507(f)(2). Manifest injustice must be determined under the totality of the circumstances. *Vontress v. State*, 299 Kan. 607, Syl. ¶ 7, 325 P.3d 1114 (2014). In determining whether the defendant has shown a manifest injustice under the totality of the circumstances, the district court should consider the following, nonexhaustive factors:  (1) whether the

3

prisoner provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) whether the merits of the prisoner's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) whether the prisoner sets forth a colorable claim of actual innocence. *Vontress*, 299 Kan. 607, Syl. ¶ 8. Since the *Vontress* opinion was issued and while this case was pending on appeal, the Kansas Legislature amended K.S.A. 60-1507 to limit a court's inquiry under the manifest injustice standard to the reasons for the delay and whether the prisoner makes a colorable claim of innocence. K.S.A. 2016 Supp. 60-1507(f)(2)(A).

There is no dispute that Keltner's 60-1507 motion was untimely. Moreover, on appeal, Keltner states no reason for the delay, nor does he state any claim of actual innocence. Keltner is proceeding solely under the theory that the merits of his claim raise substantial issues of law or fact deserving of the district court's consideration. The State, of course, argues that we must apply the new statutory standard in this case, which would result in a straight-forward affirmance of the district court in light of Keltner's failure to claim the existence of either of the two statutory factors. Keltner does not address the application of the new statute at all in his appellate brief, although his attorney did counter the State's position during oral argument. But even if we assume without deciding that we must review this matter under the more liberal *Vontress* standard, we reach the same conclusion, for reasons outlined later in this opinion. But first, as a threshold matter, Keltner argues that the district court erred by failing to make findings of fact and conclusions of law.

*The district court did not err by failing to make findings of fact and conclusions of law on all issues Keltner presented in his 60-1507 motion.*

Keltner argues that the district court failed to comply with Supreme Court Rule 183(j) (2017 Kan. S. Ct. R. 222) by not issuing findings of fact and conclusions of law on

4

Keltner's claim that his attorney had a conflict of interests. Supreme Court Rule 183(j) requires a court to "make findings of fact and conclusions of law on all issues presented." (2017 Kan. S. Ct. R. 224). Whether the district court complied with Supreme Court Rule 183(j) is a question of law subject to unlimited review. *Robertson v. State*, 288 Kan. 217, 232, 201 P.3d 691 (2009). Supreme Court Rule 183(j) requires a court to "make findings of fact and conclusions of law on all issues presented." (2017 Kan. S. Ct. R. 224). The purpose of Supreme Court Rule 183(j) is to give appellate courts the opportunity for meaningful review. *State v. Moncla*, 269 Kan. 61, 64-65, 4 P.3d 618 (2000).

Here, the district court denied Keltner's motion under K.S.A. 60-1507(f), holding that Keltner failed to establish manifest injustice. Because Keltner filed his motion out of time, the district court never reached the substantive issues and was not required to make findings on Keltner's claim that his attorney had a conflict of interests. A similar argument was raised in *Sinnett v. State*, No. 97,257, 2007 WL 4571103 (Kan. App. 2007) (unpublished opinion). There, the Court of Appeals held:

> "In the present case, as memorialized by the journal entry, the district court denied Sinnett's motion for procedural reasons, not on the merits. The court specifically found Sinnett's petition was untimely and that he failed to establish manifest injustice necessary to extend the limitation period. The district court was not obligated to make findings regarding the merits of Sinnett's claims because the motion was dismissed as being procedurally untimely." 2007 WL 4571103, at *3.

Here, the district court made sufficient findings to give this court the opportunity for meaningful review. Like in *Sinnett*, the court was not obligated to make findings on the merits of Keltner's claims because the motion was dismissed as untimely. See *Hutton v. State*, No. 112,862, 2016 WL 368066, at *1, 4 (Kan. App. 2016) (unpublished opinion) (holding that a district court order stating: "'Motion denied, untimely, failed to show any manifest injustice,'" complied with Supreme Court Rule 183[j] and was sufficient to

allow an opportunity for meaningful appellate review), *rev. denied* 305 Kan. ___ January 23, 2017.

So we turn to the merits of the matter, under the more liberal *Vontress* standard: whether Keltner presents substantial issues of law or fact to justify a finding of manifest injustice.

*The district court did not err by failing to inquire into Keltner's claim of conflict of counsel in the underlying case, because there clearly was no conflict.*

The basis for Keltner's 60-1507 motion and his claim of ineffective assistance of counsel was that Jason Billam, one of Keltner's lawyers in the aggravated robbery case, was also Keltner's judge in a prior probation violation hearing. In his motion, Keltner stated that Billam failed to adequately represent him because Billam did not tell the court that he had served as Keltner's judge in the probation violation hearing. The memorandum in support of the motion was not made part of the record on appeal, so it is unclear whether Keltner provided further detail on the issue. The State's response to Keltner's motion provides a little more detail. It states that Billam acted as a district court judge pro tem "over a probation revocation in another of [Keltner's] Johnson County cases, 02CR3171" and that Billam denied the State's motion to revoke Keltner's probation and terminated Keltner's case.

Now, Keltner argues that the district judge hearing his 60-1507 motion erred by failing to inquire, *sua sponte*, about Keltner's claim that Billam had a conflict of interests. The State argues that Keltner is really trying to raise an ineffective assistance of counsel claim for the first time on appeal, which is impermissible. Alternatively, the State argues that "the caselaw requiring *sua sponte* questioning by the court relates to ongoing conflicts, not a later ineffective assistance of counsel claim." Because we find that under

6

the undisputed facts presented, there was no conflict of interests, the duty to inquire at either the trial court level or the 60-1507 motion level did not exist.

Our review of an ineffective assistance of counsel claim is unlimited. *State v. Diggs*, 272 Kan. 349, 355, 34 P.3d 63 (2001). The basis of Keltner's claim of Billam's ineffectiveness is solely a claim of conflict of interests. The only information Keltner provided to the district court presiding over his 60-1507 motion was a statement that Billam had also presided over Keltner's probation revocation hearing for a separate case. This information does not establish a conflict of interests or trigger a duty to inquire by either the trial court or the court hearing the subsequent 60-1507 motion.

Rule 1.7(a) in the Kansas Rules of Professional Conduct (KRPC) for attorneys states:

"A concurrent conflict of interests exists if:
"(1) the representation of one client will be directly adverse to another client; or
"(2) there is a substantial risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." (2017 Kan. S. Ct. R. 300).

Rule 1.12(a) of the KRPC, which deals with attorneys who are former judges, arbitrators, mediators, or other third-party neutrals, states in part:

"[A] lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer or law clerk to such a person or as an arbitrator, mediator or other third-party neutral, unless all parties to the proceeding give informed consent confirmed in writing." (2017 Kan. S. Ct. R. 319).

7

The fact Billam previously served as Keltner's judge in a probation revocation hearing does not create a conflict of interests under the KRPC. Keltner does not allege that Billam "participated personally and substantially as a judge" in his aggravated robbery case, which would violate KRPC 1.12(a) (2017 Kan. S. Ct. R. 319). Keltner does not establish that serving as a judge materially limited Billam's ability to represent Keltner in a future proceeding, which would violate KRPC 1.7. Moreover, Keltner cites no caselaw that would support his argument that a conflict of interests actually existed. If a conflict did not exist, then there was no duty to inquire about it.

Finally, even if the district court did have a duty to inquire about the conflict, "a defendant must establish that the conflict adversely affected counsel's performance in order to require reversal." *State v. Gates*, No. 106,858, 2013 WL 1010294, at *15 (Kan. App. 2013) (unpublished opinion). Keltner does not make a single argument that the alleged conflict affected his counsel's performance. Accordingly, we are unable to find error.

Accordingly, Keltner's claim regarding a conflict of interests with his trial counsel does not raise a substantial issue of law or fact under the Sixth Amendment to the United States Constitution that is sufficient to show manifest injustice.

Affirmed.