NOT DESIGNATED FOR PUBLICATION

No. 117,691

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROBERT L. MILLER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed May 4, 2018. Affirmed.

*Shannon S. Crane*, of Crane Law, of Hutchinson, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., GARDNER, J., and BURGESS, S.J.

PER CURIAM: Robert Miller appeals from the district court's denial of his motion for habeas corpus relief, a type of motion often filed (as here) after a criminal defendant's initial appeal of the conviction or sentence has failed to get relief. Miller claims that his attorney in that initial appeal was ineffective for not advising him to file a habeas corpus motion in federal court and that the trial court in his criminal case erred when it denied his motion to suppress evidence of his statements to police. But Miller had no right to file a motion in federal court because he has not yet exhausted his state remedies. And Miller's trial-court-error claim should have been brought in the initial appeal rather than through a habeas corpus proceeding. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Miller of one count of rape and two counts of aggravated indecent liberties with a child. The district court sentenced Miller to three concurrent terms of life imprisonment without the possibility of parole for 25 years.

Our Supreme Court heard Miller's direct appeal. In that appeal, Miller claimed that the State had not presented enough evidence at trial to prove the various alternative means of committing each of the crimes and that his three concurrent life sentences constituted cruel and unusual punishment. *State v. Miller*, 297 Kan. 516, 517, 304 P.3d 1221 (2013). The court affirmed his convictions and sentences. *Miller*, 297 Kan. at 523.

Miller then filed a habeas corpus motion under K.S.A. 60-1507. Miller's motion—which he prepared himself, without the help of an attorney—asserted that his attorney in the direct appeal was ineffective because she didn't file a petition for review to the Kansas Supreme Court. He also argued that the trial court erred in his criminal case when it denied his motion to suppress evidence of incriminating statements he made to police before his arrest.

The district court appointed an attorney to represent Miller and then held a nonevidentiary hearing on Miller's motion. The district court decided that Miller's counsel didn't need to file a petition for review to the Kansas Supreme Court because that court had been the one that decided Miller's appeal. The district court also decided that Miller should have raised the suppression issue on direct appeal, which is ordinarily required (because claims of trial error normally must be raised in the defendant's direct appeal). The court dismissed Miller's motion, finding that an evidentiary hearing was unnecessary. Miller then appealed to our court.

Before we discuss the issues on appeal, we will review the standards that apply to our analysis. Our standard of review depends on which of three options the district court used. A district court considering a habeas motion under K.S.A. 60-1507 may: (1) determine that the motion and case file conclusively show that the movant is not entitled to relief, in which case the court may summarily deny the motion; (2) determine that a substantial issue is presented, in which case the court should hold an evidentiary hearing; or (3) determine that the motion raises a potentially substantial legal issue or a potential factual question, in which case the court may hold a preliminary, nonevidentiary hearing after appointing counsel to determine whether the motion presents substantial issues requiring an evidentiary hearing. *Mundy v. State*, 307 Kan. 280, 301, 408 P.3d 965 (2018); see Supreme Court Rule 183(i) (2018 Kan. S. Ct. R. 223).

Here, the district court determined that the third option applied and held a preliminary, nonevidentiary hearing after appointing counsel. When a district court denies a K.S.A. 60-1507 motion based only on the motion, files, and records after a preliminary hearing, we are in as good a position as that court to consider the merits of the motion because we have access to all the same materials. So we exercise de novo review, owing no deference to the district court's decision. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

ANALYSIS

Miller first argues that he was entitled to an evidentiary hearing on his claim that his counsel on direct appeal was ineffective for failing to file a petition for review in the Kansas Supreme Court.

In a habeas motion under K.S.A. 60-1507, the defendant must allege facts sufficient to warrant an evidentiary hearing. *Grossman*, 300 Kan. at 1062. To find counsel ineffective, a defendant must establish (1) that under the totality of the

3

circumstances, defense counsel's performance was deficient, and (2) that a reasonable probability exists that there would have been a different result absent the deficient performance, i.e., prejudice. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]).

Miller pointed only to one thing that his appellate counsel could have done differently—file a petition for review from his direct appeal to the Kansas Supreme Court. Miller now concedes that the district court was correct in concluding that Miller's appellate counsel couldn't file a petition for review to the Kansas Supreme Court because the Kansas Supreme Court decided Miller's direct appeal.

But Miller asserts a new argument for this court to consider—that his appellate counsel should have advised him of his right to file a petition in *federal* court and that her representation was ineffective for not doing so. Miller did not raise this argument in his motion or at the preliminary hearing. Indeed, he made clear that a petition should have been filed with the *Kansas Supreme Court*. Miller has not explained why this new claim should be considered for the first time on appeal. We could consider the issue waived or abandoned and refuse to consider it. Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34); *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014) (ruling that litigants who violate Rule 6.02(a)(5) risk a ruling that the issue is improperly briefed, and the issue will be deemed waived or abandoned).

Even if considered on its merits, though, Miller's argument is not persuasive. He claims that his attorney should have advised him of his right to file a petition in federal court—but Miller hasn't shown that he had such a right at that point. In some cases, inmates in Kansas can file habeas corpus motions in federal court alleging constitutional violations under a federal statute, 28 U.S.C. § 2254 (2016). But Miller couldn't file a habeas motion in federal court after losing his direct appeal because he had not yet

4

exhausted all remedies available through the state courts of Kansas—one such remedy being a habeas motion under K.S.A. 60-1507, which Miller had not yet filed. See 28 U.S.C. § 2254(b)(1)(A) (requiring that inmates first exhaust all state remedies before pursuing federal habeas proceedings). Since Miller has shown no right to file a federal habeas motion before the conclusion of state habeas proceedings, Miller's attorney was not ineffective for not advising him to do so. Miller's claim that his attorney was ineffective did not warrant an evidentiary hearing.

Next, Miller argues that the district court erred by refusing to consider his claim that the trial court in his criminal case erred by denying his motion to suppress evidence of incriminating statements he made to police. Miller argued in his habeas motion that the trial court in his criminal case should have granted his pretrial motion to suppress incriminating statements he made to police because police allegedly violated his *Miranda* rights under the Fifth Amendment to the United States Constitution.

But that's a claim that could have been made in his initial direct appeal, and a K.S.A. 60-1507 motion "ordinarily may not be used as a substitute for direct appeal involving mere trial errors . . . ." Supreme Court Rule 183(c)(3) (2018 Kan. S. Ct. R. 224). That's what the district court decided here—that it wouldn't consider Miller's claim because it's one he should have raised on direct appeal.

Miller correctly notes that there's an exception to this general rule. A habeas motion *can* be used to challenge a trial error if the error affects constitutional rights and the movant demonstrates exceptional circumstances excusing his failure to bring the claim on direct appeal. Supreme Court Rule 183(c)(3). The movant can show exceptional circumstances by persuading the court that there was ineffective assistance of counsel in failing to raise the issue on appeal. *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009); *Bledsoe v. State*, 283 Kan. 81, 89-90, 150 P.3d 868 (2007).

But Miller did not allege any exceptional circumstances in his K.S.A. 60-1507 motion or at the preliminary hearing. For the first time on appeal, though, he argues that the ineffectiveness of appellate counsel supplies exceptional circumstances warranting review of the alleged trial-court error. He says that his appellate counsel's failure to raise the suppression issue on direct appeal to the Kansas Supreme Court constituted ineffective assistance of counsel. If appellate counsel had argued this claim on appeal, he argues, he could have properly raised it to the district court in his K.S.A. 60-1507 motion.

To establish that this failure amounted to ineffective assistance, Miller had the burden to point this court to facts sufficient to establish two things: (1) that under all the circumstances, appellate counsel's performance was deficient, and (2) that a reasonable probability exists that there would have been a different outcome had she raised the issue on appeal. *Sola-Morales*, 300 Kan. at 882. Here, in his brief on appeal, Miller hasn't pointed to any facts establishing that there was a viable *Miranda* issue for his appellate counsel to raise on direct appeal or that there was any chance that this claim would have made any difference in the ultimate outcome of his case. In its brief, the State argues that evidence before the trial court suggested that police gave *Miranda* warnings to Miller at all but perhaps one time they talked to him; the State contends that Miller made no admissions in that interview.

In sum, Miller has not cited anything in our record suggesting that a *Miranda*-violation claim would have been successful. Since Miller has failed to make that preliminary showing, the district court correctly refused to consider his claim.

We affirm the district court's judgment.

6