NOT DESIGNATED FOR PUBLICATION

No. 118,464

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MATTHEW PEREZ,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Seward District Court; BRADLEY E. AMBROSIER, judge. Opinion filed November 2, 2018. Reversed and remanded with directions.

*Kelly Premer-Chavez*, of Tahirkheli & Premer-Chavez Law Office, LLC, of Liberal, for appellant.

*Aaron Gipson*, assistant county attorney, *Russell Hasenbank*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., ATCHESON and POWELL, JJ.

PER CURIAM:  Matthew Perez appeals the Seward County District Court's denial of his motion for habeas corpus relief without allowing him an evidentiary hearing to challenge his convictions for aggravated assault with a deadly weapon and conspiracy to commit aggravated robbery. Because the allegations in Perez' motion call into question whether his lawyer effectively forced him into accepting a plea deal rather than going to trial, we reverse and remand for an evidentiary hearing.

1

The facts of the underlying criminal case are largely irrelevant to our handling of Perez' motion for relief under K.S.A. 60-1507. We outline them briefly and focus on the procedural progression of the case. In March 2010, the State charged Perez with several felonies, including aggravated kidnapping and aggravated robbery, arising from a carjacking that left the victim, a physically handicapped man, injured and abandoned in a semirural part of the county. Perez went through two appointed lawyers and then hired Charles O'Hara, a prominent criminal defense lawyer from Wichita, about six weeks before his scheduled trial in April 2011.

O'Hara worked out an agreement with the State calling for Perez to plead no contest to aggravated assault and conspiracy to commit aggravated robbery. As part of the arrangement, the State would then dismiss the remaining charges and join in a recommendation that Perez be sentenced to a controlling term of 138 months in prison. The deal also entailed the dismissal of a criminal case against Perez in Finney County. Consistent with the negotiated disposition, Perez entered no-contest pleas on April 14, 2011, and the district court accepted those pleas. At a hearing on June 3, the district court deviated from the recommended punishment and sentenced Perez to a controlling prison term of 149 months, imposed postrelease supervision for 24 months, and ordered substantial restitution to the victim. Perez did not pursue a direct appeal.

Perez personally drafted and then filed his 60-1507 motion on May 5, 2017. In the motion, Perez outlined two claims: (1) O'Hara said he was unprepared for trial, and when the district court denied his request for a continuance, he pressured Perez into taking the plea deal; and (2) O'Hara failed to investigate Perez' criminal history and provided inaccurate advice about the legal effect of the criminal history. Perez devoted more of his motion to the criminal history claim than to the coerced plea claim.[*]

[*]On its face, Perez' motion appears to be untimely. See K.S.A. 60-1507(f)(1) (motion to be brought within one year of conclusion of direct appeal in criminal case). No one has addressed timeliness. But the time limit for filing a 60-1507 motion is not

2

jurisdictional. See *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013) ("1-year limitations period on 1507 motions is not a per se bar"); *State v. Bush*, No. 107,935, 2014 WL 1302607, at *4 (Kan. App. 2014) (unpublished opinion) (collecting cases finding time limit in K.S.A. 60-1507[f] to be an affirmative defense subject to waiver). On this record, we have no way of determining if Perez actually may be time barred or whether he meets one of the statutory exceptions to the one-year limit. See K.S.A. 2017 Supp. 60-1507(f)(2).

The district court appointed a lawyer to represent Perez on the 60-1507 motion. The district court then held a nonevidentiary hearing on August 11 at which Perez' lawyer and the prosecutor presented legal arguments on the motion. Perez was not at the hearing. About two weeks later, the district court issued a five-page order denying the motion. The order addressed only the criminal history issue and found Perez had not shown any basis for relief. Perez has appealed.

When considering a 60-1507 motion, a district court has three options. The district court may summarily deny the motion if the claims in the motion and the record in the underlying criminal case conclusively show the movant is entitled to no relief. Or it may appoint a lawyer for the movant and conduct a preliminary hearing to determine if a full evidentiary hearing is warranted. Finally, the district court may hold an evidentiary hearing. See *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). Absent an evidentiary hearing, the district court must credit the factual allegations in the 60-1507 motion unless they are conclusively rebutted in the record of the criminal case. Where, as here, the district court appoints a lawyer for the movant but hears no evidence before denying the motion, we exercise unlimited review of the ruling on appeal. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014); *Sola-Morales*, 300 Kan. at 881.

We turn our attention to Perez' allegations regarding his discussions with O'Hara before he entered his plea. In the 60-1507 motion, Perez states that shortly before the trial date, O'Hara asked his permission to request a continuance. According to Perez, O'Hara said he was unprepared to try the case because of the time he had to devote to other

3

matters he was handling. Perez told O'Hara he had no objection. The district court, however, denied the continuance. In his motion, Perez relates that O'Hara then started telling him that a plea was in his best interest. Perez claims he argued with O'Hara that he wanted to go trial. But O'Hara continued to tell him he needed to plead.

At the plea hearing, Perez neither suggested he was pressured into giving up his right to a jury trial nor expressed dissatisfaction with O'Hara.

Several legal principles bear on the circumstances here. To prevail on a 60-1507 motion, the movant must show both that his or her lawyer provided constitutionally inadequate representation falling below the standard guaranteed in the Sixth Amendment to the United States Constitution and that absent the deficient representation, the result likely would have been different, thus demonstrating prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); see *Chamberlain v. State*, 236 Kan. 650, Syl. ¶¶ 3, 4, 694 P.2d 468 (1985) (adopting and stating *Strickland* test for ineffective assistance); see also *Haddock v. State*, 282 Kan. 475, 512-13, 146 P.3d 187 (2006) (stating *Strickland* test and *Chamberlain* standard of review). In the context of a plea, the movant establishes prejudice by showing a reasonable probability that with constitutionally adequate representation he or she would have opted to go to trial rather than accepting the plea. *State v. Johnson*, 307 Kan. 436, 447, 410 P.3d 913 (2018) (citing *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 [2014]).

Here, the unrebutted allegations of Perez' 60-1507 motion present a colorable claim of constitutionally ineffective legal assistance and resulting prejudice. Perez says that had O'Hara been prepared to try the case, he would not have entered into a plea. He claims he fought with O'Hara to go to trial but yielded only because O'Hara pushed for the plea and wasn't ready for trial.

Given those claims, the district court should have held an evidentiary hearing rather than summarily dismissing the motion. We, therefore, reverse and remand. The district court should appoint a lawyer to represent Perez at an evidentiary hearing on his motion, and Perez should be present. We, of course, say only that Perez should receive a hearing and express no opinion on what a full airing of the issues might show.

Reversed and remanded with directions.