NOT DESIGNATED FOR PUBLICATION

No. 123,298

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TONY LOVE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER L. MYERS, judge. Opinion filed July 30, 2021.
Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., WARNER and HURST, JJ.

PER CURIAM: Tony Love appeals the district court's summary dismissal of his K.S.A. 60-1507 motion, which he filed more than 20 years after pleading guilty to aggravated assault. The district court found Love's motion was procedurally barred, as it was untimely and successive, and concluded the allegations in the motion lacked merit. Love raises several arguments on appeal. But because the motion was not filed within the time frame established by K.S.A. 2020 Supp. 60-1507, we affirm the district court's dismissal.

1

FACTUAL AND PROCEDURAL BACKGROUND

In July 1994, the State charged Love with one count of aggravated sexual battery. Love ultimately pleaded guilty to aggravated assault, and the district court sentenced him to 23 months' incarceration followed by 12 months of postrelease supervision. Love did not file a direct appeal.

About 20 years later, Love filed a motion to correct an illegal sentence in which he argued his criminal history score had been miscalculated at sentencing. A panel of this court affirmed the district court's denial of Love's motion. See *State v. Love*, No. 114,537, 2016 WL 7324382 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1326 (2017).

In October 2019, Love filed a K.S.A. 60-1507 motion in which he asserted claims of ineffective assistance of counsel, prosecutorial misconduct, and judicial misconduct. Love's motion alleged (1) that his trial attorney did not inform him of his right to appeal his guilty plea, (2) that the prosecutor was involved in an inappropriate relationship with the district court judge, and (3) that the court did not inform him of his right to appeal his sentence. The State responded, arguing Love's motion was untimely and his arguments lacked merit.

After reviewing the motions and the record, the district court summarily dismissed Love's motion. The court found the motion was untimely, as it was filed 15 years after the statutory deadline, and concluded Love had not shown manifest injustice that would justify consideration of his motion outside that time frame. The district court also found that Love's motion was successive, since he had filed a K.S.A. 60-1507 motion in 2004. And the district court alternatively concluded that even if Love's motion were not procedurally barred, the substantive claims would lack merit. Love appeals.

DISCUSSION

K.S.A. 2020 Supp. 60-1507(a) provides a collateral vehicle for people convicted of crimes to challenge their convictions and sentences. A court may resolve a K.S.A. 60-1507 motion in three ways. First, the court may dismiss or deny the motion if the motion, files, and records from the case conclusively show the movant is not entitled to relief. Second, the court may order a preliminary hearing and appoint the movant counsel if a potentially substantial issue exists. And third, the court must hold an evidentiary hearing when "the motion and the files and records of the case" do not "conclusively show that the prisoner is entitled to no relief." K.S.A. 2020 Supp. 60-1507(b); see *Hayes v. State*, 307 Kan. 9, 12, 404 P.3d 676 (2017).

The person seeking relief under K.S.A. 60-1507 bears the burden of showing an evidentiary hearing is necessary to analyze the motion's allegations. *Holt v. State*, 290 Kan. 491, Syl. ¶ 3, 232 P.3d 848 (2010). To carry this burden, he or she must do more than make conclusory statements; the motion must cite to supporting evidence in the record or identify individuals who would provide that evidence. *Swenson v. State*, 284 Kan. 931, Syl. ¶¶ 2-3, 169 P.3d 298 (2007). When a district court dismisses a K.S.A. 60-1507 motion without an evidentiary hearing—as the district court did here—an appellate court is in just as good a position as the district court to consider the motion. Our review of the court's ruling in this case is therefore unlimited. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

In general, motions under K.S.A. 60-1507 must be filed within one year after the completion of a person's direct appeal. K.S.A. 2020 Supp. 60-1507(f)(1). A court may only consider a motion filed outside this period if the person seeking relief demonstrates that consideration is necessary "to prevent a manifest injustice." K.S.A. 2020 Supp. 60-1507(f)(2). This exception is a narrow one. K.S.A. 2020 Supp. 60-1507(f)(2)(A) limits the scope of "manifest injustice" under this statute to two considerations: whether

3

the person has provided a compelling explanation why he or she "failed to file the motion within the one-year time limitation" and whether the person "makes a colorable claim of actual innocence." If a person has not shown that dismissal will result in manifest injustice under either of these definitions, the court must dismiss an untimely motion. K.S.A. 2020 Supp. 60-1507(f)(3).

Love pleaded guilty in 1995 and did not file a direct appeal. At the time Love was sentenced, K.S.A. 1994 Supp. 60-1507(a) contained no time limitation for filing; the one-year time limit in K.S.A. 60-1507 became effective July 1, 2003. See L. 2003, ch. 65, § 1. For movants like Love, with claims preexisting the statutory amendment, the deadline for filing a timely K.S.A. 60-1507 motion was June 30, 2004. *Noyce v. State*, 310 Kan. 394, 399, 447 P.3d 355 (2019).

Love filed his motion in October 2019, more than 15 years after the statutory deadline. Thus, Love's K.S.A. 60-1507 motion was filed well outside the permissible statutory timeframe. This deadline "may be extended by the court only to prevent a manifest injustice." K.S.A. 2020 Supp. 60-1507(f)(2). If an offender fails to make this showing, a Kansas court "must dismiss the motion as untimely filed." K.S.A. 2020 Supp. 60-1507(f)(3).

To establish that consideration of his motion was necessary to prevent manifest injustice, Love was required to provide reasons why he did not file his motion within the statutory time frame or present "a colorable claim of actual innocence." K.S.A. 2020 Supp. 60-1507(f)(2)(A). But Love does not assert actual innocence. And he concedes that he "made no specific manifest injustice arguments in his original" K.S.A. 60-1507 motion.

Despite these shortcomings, Love asserts on appeal that around the time he filed his K.S.A. 60-1507 motion, he also submitted several other pro se filings to the district

4

court, ranging from motions alleging that he received illegal sentences to motions to withdraw his plea to more general motions "to appeal." He contends that these other filings included allegations that may provide explanations for his delayed motion, and the court should have liberally construed these allegations to allow his motion to proceed. But even if we were to look outside the K.S.A. 60-1507 motion, as Love contends, the allegations he highlights from these other filings do not explain why he waited until 2019 to seek relief.

For example, Love argues that his trial counsel and the court both neglected to inform him of his right to appeal, which he claims was a fundamental failure in both the sentencing proceeding and in the representation he received in 1995. He also summarily asserts that the State withheld exculpatory evidence (though he does not explain what evidence this is or when he learned of its existence) and that the prosecutor and judge had an improper relationship at the time he entered his plea. But these allegations merely reiterate the substantive claims in Love's motion—they do not address the foundational question of why Love was unable to file his motion within the statutory timeline.

Because Love offered no substantive explanation as to why he did not file his K.S.A. 60-1507 motion within the statutory time frame, K.S.A. 2020 Supp. 60-1507(f)(3) required the district court to dismiss his motion. In light of this conclusion, we need not consider whether Love's motion was also successive to the motion he filed in 2004. See *Beauclair v. State*, 308 Kan. 284, 304, 419 P.3d 1180 (2018). Nor may we reach the merits of Love's allegations. The district court did not err when it found that Love's K.S.A. 60-1507 motion was time-barred.

Affirmed.

5