NOT DESIGNATED FOR PUBLICATION

No. 124,979

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WALTER A. PAYTON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS. Opinion filed January 27, 2023. Affirmed.


*Walter Payton*, appellant pro se.


*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., BRUNS and WARNER, JJ.


PER CURIAM: Walter A. Payton—who has also been known as Walter A. Peyton, Walter L. Payton, Manuel Lacey, and Arron A. Johnson—appeals the summary dismissal of his K.S.A. 60-1507 motion. The district court found the motion was filed outside the one-year statutory time limit and was successive (as it was Payton's third K.S.A. 60-1507 motion, and Payton had previously filed several other postconviction motions). The court also ruled that Payton failed to demonstrate manifest injustice or exceptional circumstances that would allow the court to consider the merits of his motion. Because Payton's motion is untimely, we affirm the district court's decision.

1

FACTUAL AND PROCEDURAL HISTORY

In 1998, a jury convicted Payton of two counts of statutory rape of a minor and one count of rape of an adult woman, and the district court sentenced him to 712 months in prison. Payton unsuccessfully appealed these convictions to this court, which rejected several claims of trial error and an ineffective-assistance-of-counsel claim. *State v. Peyton*, No. 81,569, unpublished opinion filed February 18, 2000 (*Peyton I*), *rev. denied* 269 Kan. 939 (2000).

Since his direct appeal, Payton has filed many postconviction motions challenging aspects of his convictions and sentences, resulting in various appellate decisions by this court. See, e.g., *Peyton v. State*, No. 88,293, unpublished opinion filed January 24, 2003 (*Payton II*) (affirming district court's denial of K.S.A. 60-1507 motion), *rev. denied* 275 Kan. 965 (2003); *State v. Payton*, No. 96,637, summary order filed November 9, 2006 (*Payton III*) (affirming district court's denial of motion for additional DNA testing), *rev. denied* February 14, 2007; *State v. Payton*, No. 99,293, 2009 WL 77911 (Kan. App.) (unpublished opinion) (*Payton IV*) (affirming district court's denial of motion to set aside convictions and for DNA testing), *rev. denied* 289 Kan. 1284 (2009); *Payton v. State*, No. 105,822, 2012 WL 1352837, at *3-4 (Kan. App. 2012) (unpublished opinion) (*Payton V*) (affirming district court's denial of second K.S.A. 60-1507 motion), *rev. denied* 296 Kan. 1130 (2013); *State v. Peyton*, No. 117,996, 2018 WL 3946000, at *2-3 (Kan. App. 2018) (unpublished opinion) (*Payton VI*) (affirming denial of pro se motion to correct illegal sentence on res judicata grounds), *rev. denied* 309 Kan. 1352 (2019); *State v. Payton*, No. 123,433, 2021 WL 4128246, at *5 (Kan. App. 2021) (unpublished opinion) (*Payton VII*) (affirming summary denial of pro se motion to correct illegal sentence).

Payton filed the current K.S.A. 60-1507 motion in October 2021. In the motion, Payton asserted his right to a fair trial was violated and that he received ineffective

assistance of counsel because his attorney stipulated—without his permission—that DNA evidence exonerated Payton for one of the rape allegations against him; Payton argued the defense should have been given the opportunity to present the evidence giving rise to the stipulation at trial. He attached an exhibit containing a portion of the trial transcript in which the parties discussed the stipulation on the record and the court relayed the stipulation to the jury.

The State responded to Payton's motion, arguing that the motion was procedurally barred because it was filed long after the statutory time limit for postconviction motions expired and was successive, given his multiple previous filings. The State also argued Payton failed to explain how excluding the stipulation would have resulted in a different result because it was favorable to the defense.

The district court summarily dismissed Payton's motion, agreeing with the State on all three grounds: The court found that the motion did not demonstrate that consideration of the untimely motion was necessary to avoid manifest injustice, that the motion did not provide any exceptional circumstances to explain why the claim was not asserted in any of Payton's previous filings, and that the motion failed to present a substantial question of law or fact. Payton appeals.

DISCUSSION

K.S.A. 60-1507(a) provides a collateral vehicle for people convicted of crimes to challenge their convictions and sentences. When a district court dismisses a K.S.A. 60-1507 motion without an evidentiary hearing—as the district court did here—the appellate court is in just as good a position as the district court to consider the motion. Our review of the court's ruling is thus unlimited. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

3

Generally, a person must file a K.S.A. 60-1507 motion within one year of the completion of his or her direct appeal. K.S.A. 2021 Supp. 60-1507(f)(1)(A). But for movants like Payton, whose claims preexist the statutory amendment that created this deadline, the deadline for filing a timely K.S.A. 60-1507 motion was June 30, 2004. See L. 2003, ch. 65, § 1; *Noyce v. State*, 310 Kan. 394, 399, 447 P.3d 355 (2019). In fact, another panel of our court previously determined a prior K.S.A. 60-1507 motion filed by Payton was untimely because it was not filed within one year of the effective date of this statute. *Payton V*, 2012 WL 1352837, at *3-4.

A court may only consider a K.S.A. 60-1507 motion filed outside the one-year period if the movant shows that consideration is necessary "to prevent a manifest injustice." K.S.A. 2021 Supp. 60-1507(f)(2). This exception is a narrow one. K.S.A. 2021 Supp. 60-1507(f)(2)(A) limits the scope of "manifest injustice" to two considerations—whether the movant has provided a compelling explanation for "fail[ing] to file the motion within the one-year time limitation" and whether the person "makes a colorable claim of actual innocence." If the movant has not shown that dismissal will result in manifest injustice under either of these definitions, the court must dismiss an untimely motion. K.S.A. 2021 Supp. 60-1507(f)(3).

There is no question that Payton filed his current K.S.A. 60-1507 motion well outside the one-year time frame. Although his motion addressed manifest injustice, Payton makes no attempt now to explain why or how manifest injustice would result if we did not reach the merits of his untimely claim. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) (issues not briefed are deemed waived or abandoned). Even considering the assertions made in Payton's K.S.A. 60-1507 motion, he fails to address the only questions relevant under K.S.A. 2021 Supp. 60-1507(f)(2)(A)—"why [he] failed to file the motion within the one-year time limitation" or how his claims demonstrate a "colorable claim of actual innocence." Put simply, Payton offers nothing to demonstrate

4

that consideration of the claims in his K.S.A. 60-1507 motion is necessary to prevent manifest injustice or excuse his untimely filing.

Because Payton did not provide a persuasive explanation for why the district court could review Payton's untimely K.S.A. 60-1507 motion, the court was required to summarily dismiss the motion. See K.S.A. 2021 Supp. 60-1507(f)(3). We thus need not consider the court's other conclusions that the motion was successive and failed to present a substantial question of law or fact. The district court did not err when it dismissed Payton's K.S.A. 60-1507 motion.

Affirmed.