NOT DESIGNATED FOR PUBLICATION

No. 119,775

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ISAAC LOUIS LITTLE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed August 16, 2019. Affirmed.

*Angela M. Davidson*, of Davidson Appellate Law, of Lawrence, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., STANDRIDGE, J., and MCANANY, S.J.

PER CURIAM: Isaac Louis Little appeals from the trial court's partial denial of his K.S.A. 60-1507 motion. Little argues that the trial court should have overturned his rape conviction and three of his four aggravated criminal sodomy convictions based on our Supreme Court's decision in *State v. Overstreet*, 288 Kan. 1, 13, 200 P.3d 427 (2009), and this court's recent decision in *Calhoun v. State*, 56 Kan. App. 2d 185, Syl. ¶¶ 3-4, 426 P.3d 519 (2018), *rev. denied* 309 Kan. ___ (February 28, 2019), concerning the appropriateness aiding and abetting foreseeability instructions when defendants are

1

charged with specific intent crimes. Because Little challenges general intent crimes only, his arguments are unpersuasive. Therefore, we affirm.

In May 2009, Little and three other men broke into D.J. and S.C.'s house. Once inside the house, the four men committed numerous violent crimes against D.J., S.C., and their three small children. See *State v. Little*, No. 104,794, 2012 WL 3000342, at *1 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 1252 (2013). Ultimately, a jury convicted Little of the following crimes as either the aider or abettor: one count each of attempted second-degree murder, rape, aggravated burglary, and criminal threat; two counts each of aggravated battery and aggravated robbery; and four counts of aggravated criminal sodomy. The trial court sentenced Little to a controlling term of 330 months' imprisonment followed by 36 months' postrelease supervision. Little filed a direct appeal with this court, but this court affirmed his convictions. 2012 WL 3000342, at *11.

On July 18, 2014, Little moved for relief under K.S.A. 60-1507, alleging that his trial counsel provided ineffective assistance of counsel for failing to adequately challenge the aiding and abetting foreseeability instruction—PIK Crim. 3d 54.06—concerning three of his four counts of aggravated criminal sodomy and his single count of kidnapping. The instruction given stated:

> "A person who, either before or during its commission, intentionally aids or abets another to commit a crime with intent to promote or assist in its commission is criminally responsible for the crime committed regardless of the extent of the defendant's participation, if any, in the actual commission of the crime.
> "A person who intentionally aids or abets another to commit a crime is also responsible for any other crime committed in carrying out or attempting to carry out the intended crime, *if the other crime was reasonably foreseeable*.
> "This instruction does not apply to the charge of attempted murder in the first degree that is charged in Count 7." (Emphasis added.)

2

Little argued that he could not have committed the three aggravated criminal sodomies or the kidnapping because those crimes "were all perpetrated by codefendants, against the female victim, in a detached garage away from [his] presence." Little's trial counsel submitted an affidavit in which he stated that "[f]ailing to object to the giving of the aiding and abetting instruction was not a trial strategy and was not done for any legal or strategic reason."

The trial court held a preliminary hearing on Little's motion. At the hearing, Little conceded that "he directed [S.C.] to be tied up." But he still argued that he could not be convicted of the three aggravated criminal sodomies or the kidnapping because those occurred in the garage. Meanwhile, the State asserted that there was no legal basis for overturning Little's convictions. The trial court made no findings at the hearing. Instead, it concluded the hearing by stating that it would take the matter under advisement.

In the end, the trial court determined that "[a] full evidentiary hearing is unnecessary." After reviewing Little's motion, as well as Little's trial transcripts, it held:

> "1. . . . Petitioner has failed to show that the representation of his trial counsel, Richard Ney, fell below an objective standard of reasonableness considering the totality of the circumstances. The questioned conduct of trial counsel fell within the wide range of reasonable professional assistance considering the circumstances of the case. Trial counsel's performance was not deficient with respect to the jury verdicts in Count 9 (aggravated criminal sodomy), Count 10 (aggravated criminal sodomy) and Count 11 (aggravated criminal sodomy).
> "2. The Court finds that the jury instruction issued by the trial court with respect to Count 13 (kidnapping) was improper and the conviction is set aside.
> "3. The Court incorporates by reference its findings as stated on the record."

Little timely appealed from the trial court's order. The State did not appeal the reversal of Little's kidnapping conviction.

*Did Trial Counsel Provide Ineffective Assistance of Counsel?*

When the trial court denies a K.S.A. 60-1507 motion following a preliminary hearing, this court exercises de novo review because this court is in the same position as the trial court to determine if the K.S.A. 60-1507 motion and record entitles the movant to an evidentiary hearing. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

To establish ineffective assistance of counsel, a defendant must establish two things: First, the defendant must establish that counsel's performance was deficient given the totality of the circumstances. Second, the defendant must establish prejudice. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]). In this case, this means that but for trial counsel's deficient performance, Little would not have been convicted of the three aggravated criminal sodomies.

On appeal, Little repeats the argument he made below about his three aggravated criminal sodomy convictions, which were violations of K.S.A. 21-3506(a)(3). He additionally argues that his trial counsel was ineffective for failing to challenge the aiding and abetting foreseeability instruction as it applied to his rape conviction under K.S.A. 21-3502(a)(1)(A). S.C. was raped in a bedroom. But Little asserts that S.C.'s rape was not a reasonably foreseeable consequence of his actions during the aggravated burglary because he was not in that bedroom. Little contends that his trial counsel should have argued that the aggravated criminal sodomies and rape were not reasonably foreseeable consequences of his actions. Furthermore, Little contends that trial counsel's failure to make this argument and his failure to object to the aiding and abetting foreseeability instruction resulted in reversible prejudice. In making his arguments, Little compares his case to our Supreme Court's decision in *Overstreet*, 288 Kan. at 13, and this court's recent

decision in *Calhoun*, 56 Kan. App. 2d at 185. Of note, Daniel Calhoun, the K.S.A. 60-1507 movant in *Calhoun*, was one of Little's accomplices.

The State argues that Little's arguments are wrong because he has raised his arguments for the first time on appeal or otherwise misapplied the law. A review of the State's arguments and the law the State relies on establishes that the State is correct.

First, the State points out that Little made no arguments about his rape conviction below. Therefore, the State asserts that Little cannot argue that his trial counsel was ineffective based on his counsel's alleged failures concerning the rape conviction for the first time on appeal. It is a well-known rule that appellants cannot raise new arguments for the first time on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). This rule also applies to ineffective assistance of counsel claims. *State v. Dull*, 298 Kan. 832, 839, 317 P.3d 104 (2014). Moreover, although there are exceptions to the rule that appellants cannot raise new arguments for the first time on appeal, Little has not made any of these arguments. Indeed, he has not even recognized that he is raising his argument for the first time on appeal. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014); see also *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015) (holding that appellants who fail to comply with Supreme Court Rule 6.02(a)(5)'s [2019 Kan. S. Ct. R. 34] requirement to explain why an issue not raised below should be considered for the first time on appeal, waive that issue). Thus, Little's arguments about his rape convictions are fatally flawed.

Second, the State correctly asserts that even if we assumed that Little's ineffective assistance of counsel claims about his rape conviction, as well as all of his aggravated criminal sodomy convictions, were properly before this court, Little's arguments would still fail because Little has misapplied the *Overstreet* and *Calhoun* caselaw. Both *Overstreet* and *Calhoun* involved the application of the same aiding and abetting foreseeability instruction Little received—PIK Crim. 3d 54.06.

5

In *Overstreet*, Overstreet had been charged with attempted first-degree premeditated murder and aggravated assault under a theory of aiding and abetting. 288 Kan. at 8. Overstreet successfully challenged the giving of the aiding and abetting foreseeability instruction at his trial:

> "[The] foreseeability instruction indicated that the jury need not find that Overstreet possessed *the specific intent* of premeditation if it found that premeditated murder was a reasonably foreseeable consequence of aggravated assault. In other words, giving the aiding and abetting foreseeability instruction negated the State's burden to prove an essential element of the crime charged: premeditation." (Emphasis added.) 288 Kan. at 11.

Our Supreme Court concluded its decision by making a bright-line rule: "[F]or a defendant to be convicted of a specific-intent crime on an aiding and abetting theory, that defendant must have the same specific intent to commit the crime as the principal." 288 Kan. at 13.

In *Calhoun*, Calhoun alleged that his trial and appellate counsel were ineffective for not challenging the aiding and abetting foreseeability instruction as it concerned his crimes of aggravated kidnapping, attempted voluntary manslaughter, criminal threat, and aggravated criminal sodomy. 56 Kan. App. 2d at 186, 208. This court determined that the trial court violated our Supreme Court's bright-line rule in *Overstreet* concerning Calhoun's aggravated kidnapping, attempted voluntary manslaughter, and criminal threat convictions for the following reasons: (1) because those crimes were specific intent crimes, and (2) because "nothing within the jury instruction packet told the jury that it was limited to using the aiding and abetting foreseeability instruction while considering Calhoun's guilt concerning the charged general intent crimes." 56 Kan. App. 2d at 199-200. In reaching this decision, the *Calhoun* court held:

6

"When a defendant is charged with specific intent crimes under a theory of aiding and abetting, a jury should be given the aiding and abetting same mental culpability instruction, but not the aiding and abetting foreseeability instruction. If the defendant is charged with both specific intent and general intent crimes, the trial court must instruct the jury that it can use an aiding and abetting foreseeability instruction only when considering if the defendant is guilty of general intent crimes." 56 Kan. App. 2d 185, Syl. ¶ 3.

Next, this court reversed Calhoun's aggravated kidnapping, attempted voluntary manslaughter, and criminal threat convictions because the specific facts of Calhoun's case, including Calhoun's theory of defense and the jury's questions during deliberations, supported Calhoun met both prongs of the ineffective assistance of counsel test. 56 Kan. App. 2d at 203-06.

In his brief, Little ignores that the crimes he challenges are all general intent crimes. This makes Little's case distinguishable from the *Overstreet* and *Calhoun* cases because in those cases our Supreme Court and this court reversed specific intent crimes. Indeed, the *Calhoun* court rejected Calhoun's arguments about his aggravated criminal sodomy convictions because those were *general intent crimes* that were reasonably foreseeable consequences of Calhoun's aggravated robbery crime. 56 Kan. App. 2d at 207-08. Similarly, rape is a general intent crime. See *State v. Prine*, 287 Kan. 713, 726-27, 200 P.3d 1 (2009).

Because the crimes Little challenges are general intent crimes, the giving of the aiding and abetting foreseeability instruction was appropriate. Little does not challenge any specific intent crimes, which invoked an instruction warning the jurors not to consider the aiding and abetting foreseeability instruction when considering those specific intent crimes. Thus, the caselaw that Little relies on falls short of the mark and does nothing to establish error.

Moreover, Little also ignores that his aggravated criminal sodomies and his rape convictions were all reasonably foreseeable consequences of his other intended crimes, including his unchallenged aggravated criminal sodomy, his aggravated burglary, and his criminal threat convictions. This means that notwithstanding the preceding analysis, Little suffered no prejudice from his trial counsel's failure to either address his alleged absence during the rape and three aggravated sodomies as either a trial strategy or a failure to object to the aiding and abetting foreseeability instruction.

At trial, S.C. testified one of the four men in her home continuously carried a gun. She further testified about when she was first sodomized, which is the aggravated criminal sodomy conviction that Little does not challenge, she remembered certain things about the man with a gun. According to S.C., both she and D.J. were on the floor being held at gunpoint when another man moved her to the living room and forced her to perform oral sex. The man with the gun told her "that if, if [she] didn't do a good job he would shoot [her]." The man who forced her to perform oral sex, then made her go to her bedroom, where he raped her. S.C. testified that while she was being raped, "the other guy with the gun came in and he put the gun down [her] throat and he said that he would shoot [her] too." S.C. also testified that the man with the gun ordered that the other men tie her up with a vacuum cord. She explained that later, all the men except the man with the gun were in the garage with her, where they continued to sodomize her. S.C. testified that the man with the gun never had sexual contact with her.

Furthermore, Little's accomplice M.D., who became a State's witness, testified that Little had the gun. M.D. testified that Little told him he had to have sex with S.C. M.D. asserted that while he was in the garage with S.C. and the two other accomplices, Little was inside with D.J. When he returned inside, he testified that he saw Little and D.J. "tussling" because D.J. "was trying to grab the gun."

8

On appeal, Little's argument hinges on his contention that he "did not go to the home to commit sexual crimes." He asserts that he was not in the garage while his other three accomplices sodomized S.C. Thus, Little implicitly concedes that he was the gunman tussling with D.J. Little's implicit concession, taken with S.C.'s and M.D.'s testimony undermines Little's argument that the three aggravated criminal sodomies that occurred in the garage and the rape were not reasonably foreseeable consequences of his other crimes. This is especially true when one considers that Little does not challenge the first aggravated criminal sodomy that occurred in the living room.

For the preceding reasons, we affirm.

Affirmed.